**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHNNIE WALKER, aka PJ's Auto
Body,
              *Plaintiff-Appellant,*

v.

GEICO GENERAL INSURANCE
COMPANY; GEICO CASUALTY
COMPANY; and GEICO INDEMNITY
CO.,
              *Defendant-Appellees.*

No. 07-15357

D.C. No.
CV-06-01703-MCE

JOHNNIE WALKER, aka PJ's Auto
Body,
              *Plaintiff-Appellant,*

v.

USAA CASUALTY INSURANCE
COMPANY,
              *Defendant-Appellee.*

No. 07-15424

D.C. No.
CV-06-01618-
MCE/DAD

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted
February 11, 2009—San Francisco, California

Filed March 10, 2009

Before: Mary M. Schroeder, William C. Canby, Jr. and
Michael Daly Hawkins, Circuit Judges.

3111

Opinion by Judge Schroeder

---

**COUNSEL**

Douglas L. Johnson, Beverly Hills, California, for the plaintiff-appellant.

Richard A. Derevan, Costa Mesa, California, for the defendants-appellees GEICO Insurance Co, et al.

James R. McGuire, San Francisco, California, for defendant-appellee USAA Casualty Insurance, Co.

---

**OPINION**

SCHROEDER, Circuit Judge:

The plaintiff-appellant Johnnie Walker does business as PJ's Auto Body ("Walker"). He filed these putative class actions against two major insurance companies doing business in California: USAA Casualty Insurance Company ("USAA") and GEICO General Insurance Company, *et al.* Walker claimed violations of various California statutes in connection with volume discount agreements the insurers had

with other automotive body repair shops ("direct repair providers"). Walker similarly challenged the inclusion of negotiated prices in price surveys that insurance companies are permitted to conduct pursuant to California law. *See* Cal. Code Regs. tit. 10, § 2698.91. The district court dismissed the actions for failure to state a claim on which relief could be granted, and we affirm.

All issues arise under California law. The district court's decision in Walker's suit against USAA is published at *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168 (E.D. Cal. 2007).

**[1]** Walker first contends on appeal that the district court erred in ruling that he lacked standing under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. As amended pursuant to the 2004 voter approval of Proposition 64, the UCL in § 17204 now requires a plaintiff to establish that it has "suffered injury in fact and has lost money or property." *See Californians for Disability Rights v. Mervyn's, LLC*, 138 P.3d 207, 209-10 (Cal. 2006). Walker's position is that, although he cannot establish the requisite "lost money or property" for purposes of monetary relief under the UCL, he is nevertheless entitled to an injunction effectively requiring these insurers in the future to pay higher rates for their insureds' auto body repairs. His argument is supported neither by the language of the amended statute nor its purpose. *See Buckland v. Threshold Enters. Ltd.*, 66 Cal. Rptr. 3d 543, 557 (Cal. Ct. App. 2007) ("Because remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution."). The history and purpose of the law are outlined more fully in the district court's opinion, with which we agree. *See Walker*, 474 F. Supp. 2d at 1172.

**[2]** Next, Walker maintains that the district judge erred in dismissing his cause of action for "unjust enrichment," and

that the district court should have analyzed his complaint as one attempting to plead a cause of action for restitution. *See McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 121-22 (Cal. Ct. App. 2004). Because the defendants have no money or property that belongs to Walker, he has no stronger claim for the equitable remedy of restitution than he has for unfair competition under California law. *See Buckland*, 66 Cal. Rptr. 3d at 557-58.

**[3]** Finally, Walker contends he has adequately alleged a violation of California's Cartwright Act, Cal. Bus. & Prof. Code § 16720. He essentially claims that the defendants conspired with direct repair providers for the purpose of restraining trade by agreeing to provide the providers more business in exchange for negotiated rates. He further alleges the agreements wrongfully enabled the insurers to include these negotiated rates in surveys in order to set lower prices for auto body repairs than the prices Walker would like to charge. As the district court correctly pointed out, however, the discounts negotiated between the insurance companies and the direct repair providers reflect the proper functioning of the market to bring about lower prices to consumers. "[Walker's] desire to charge more than the market will bear does not transform [defendants'] lawful formation of service contracts into a forbidden conspiracy to destroy competition." *Walker*, 474 F. Supp. 2d at 1175.

AFFIRMED.