MEMORANDUM **
Plaintiffs David Lee and Daniel Lloyd (collectively, “Plaintiffs”)[1] brought separate putative class actions against three major credit card issuers, commonly referred to as American Express, Capital One and Chase (collectively, “Defendants”). Plaintiffs alleged violations of California’s Consumer Legal Remedies Act (“CLRA”), violations of California’s Unfair Competition Law (“UCL”), and state law fraud in the inducement for the inclusion of allegedly unconscionable arbitration and other provisions in their credit card agreements. The district courts dismissed each case for lack of standing. We affirm.[2]
Standing for Article III purposes generally requires a showing of three elements: *207 (1) injury in fact, (2) a causal connection between the injury and the challenged action, and (3) the likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The “injury in fact” must be “concrete and particularized” and “actual or imminent, not conjectural or hypothetical.” Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).
Plaintiffs cannot satisfy the requirements of Article III because they have not yet been injured by the mere inclusion of these provisions in their agreements, nor is the threat of future harm from such provisions sufficiently imminent to confer standing. See Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1019-20, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984) (challenge to constitutionality of arbitration scheme not ripe for resolution because Monsanto “did not allege or establish that it had been injured by actual arbitration under the statute”); Bowen v. First Family Fin. Servs., Inc., 233 F.3d 1331, 1340-41 (11th Cir.2000) (“There is at most a ‘perhaps’ or ‘maybe’ chance that the arbitration agreement will be enforced against these plaintiffs in the future, and that is not enough to give them standing to challenge its enforceability.”).
Plaintiffs claim that they want to arbitrate but cannot (for a variety of reasons) and assert that they thus have suffered the loss of the benefit of their bargain. As the district courts recognized, this argument requires a series of assumptions about what might happen if plaintiffs actually did initiate arbitration, and such speculation is too conjectural and hypothetical to support current Article III standing. See Laidlaw, 528 U.S. at 180-81, 120 S.Ct. 693; Bowen, 233 F.3d at 1340.
Plaintiffs also argue that the federal courts — rather than an arbitrator — must rule on certain threshold issues of arbitration clause enforceability under Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), Nagrampa v. MailCoups, Inc., 469 F.3d 1257 (9th Cir.2006) (en banc), or the terms of the individual credit card contracts.[3] But this argument is misplaced, because neither these cases nor the credit card agreements create current standing in federal court in the absence of a case or controversy; at most they indicate which decision maker will decide these issues if there is an actual dispute at some point in time. That the federal courts may eventually be called upon to decide the question does not mean we must anticipatorily do so now. Nor do California statutory rights supply the necessary standing. In Meyer v. Sprint Spectrum L.P., 45 Cal.4th 634, 638, 88 Cal.Rptr.3d 859, 200 P.3d 295 (2009), the California Supreme Court addressed a plaintiff’s attempt to challenge Sprint’s arbitration provision under the CLRA, even though there was no underlying dispute between the plaintiff and Sprint that necessitated resort to arbitration or other remedial provisions in the contract. The court concluded that the mere presence of an unconscionable term in a consumer contract was not a sufficient form of damage within the meaning of the CLRA, and that the CLRA therefore did not give standing to permit such preemptive suits. Id. at 641-43 & n. 3, 88 Cal.Rptr.3d 859, 200 P.3d 295.
Similarly, we recently held that pursuant to approval of Proposition 64 by Cali *208 fornia voters, a plaintiff lacks standing under the UCL to seek injunctive or declaratory relief unless he has suffered injury in fact and a loss of money or property. Walker v. Geico Gen. Ins. Co., 558 F.3d 1025, 1027 (9th Cir.2009); see also Walker v. USAA Gas. Ins. Co., 474 F.Supp.2d 1168, 1171-72 (E.D.Cal.2007). We are unpersuaded by Plaintiffs’ argument that they have “lost” money because they paid a fee for the cards, as no event has yet occurred to deprive them of the benefit of their bargain. The underlying California statutes therefore do not create standing in the absence of a tangible loss.
AFFIRMED. Accordingly, all pending motions are denied as moot.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Lee is a plaintiff in all three cases; Lloyd is not a party to the Capital One suit (OS-15858).

. These cases were consolidated for oral argument and shall remain consolidated for the purpose of this disposition.

. This is a curious argument, of course, because if these claims are not arbitrable, it is difficult to see how the Plaintiffs could have suffered an Article III injury by being denied the ability to arbitrate.