Terri N. WHITE, et al.

v.

TRANS UNION, LLC

No. CV 05 1073 DOC(MLGX).

United States District Court,
C.D. California.

Oct. 13, 2006.

Bill Lann Lee, Michael W. Sobol, Paul
A. Moore, Lief Cabraser Heimann and
Bernstein, San Francisco, CA, Charles M.

Delbaum, Stuart T. Rossman, National Consumer Law Center, Boston, MA, Charles W. Juntikka, Charles Juntikka and Associates, New York, NY, Cynthia B. Chapman, George Y. Nino, Michael A. Caddell, Caddell and Chapman, Houston, TX, Daniel Wolf, Daniel Wolf Law Offices, Washington, DC, Leonard A. Bennett, Matthew Erausquin, Consumer Litigation Associates, Newport News, VA, Mitchell A. Toups, Weller Green Toups & Terrell LLP, Beaumont, TX, for Terri N. White.

Brian C. Frontino, Julia B. Strickland, Lindsay G. Carlson, Stephen J. Newman, Stroock Stroock and Lavan, Los Angeles, CA, for Trans Union LLC.

PROCEEDING (IN CHAMBERS): DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

CARTER, District Judge.

Before the Court is Defendant TransUnion, LLC ("TransUnion") Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint ("SACC") for Failure to State a Claim ("Motion"). The Court finds this matter appropriate for decision without oral argument. Fed. R.Civ.P. 78; Local R. 7–15. Accordingly, the hearing set for October 16, 2006 was removed from the Court's calendar. After reviewing the moving, opposing, and replying papers, for the reasons set forth below the Court DENIES Defendant's Motion.

## I. BACKGROUND

Plaintiffs Terri N. White, Jose Hernandez, Robert Radcliffe, Chester Carter, Maria Falcon, and Alex Gidi are six individuals who filed for bankruptcy pursuant to Chapter 7 of the U.S. Bankruptcy Code and were granted orders of discharge by a U.S. Bankruptcy Court. SACC ¶ 11. TransUnion is a national repository for consumer credit information and is engaged in the business of Credit Reporting. *Id.* ¶ 12. For each of the six named plaintiffs, TransUnion has furnished reports to third parties ("Credit Reports") in which it has erroneously reported their discharged debts as due and owing. *Id.* ¶¶ 1, 27, 32, 36, 39, 43, 48.

Plaintiffs brought this class action lawsuit on behalf of themselves, and others similarly situated, to restrain TransUnion from employing credit reporting practices that they allege falsely declare their discharged debts to be "due and owing" and thereby inappropriately taint Plaintiffs' credit reports. Specifically, Plaintiffs allege that TransUnion employs procedures regarding its reporting of such debts that produce twice as many erroneous reports than it does accurate ones, and that TransUnion does so willfully and in conscious disregard of Plaintiffs' statutory right to protection from the transmission of inaccurate information. *Id.* ¶¶ 17, 19. To vindicate these rights, Plaintiffs now seek statutory and punitive damages, injunctive relief, and attorneys' fees and costs.

The First and Second Causes of Action allege negligent and willful failure to employ reasonable procedures to ensure maximum accuracy of Credit Reports in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b) and the California Consumer Credit Reporting Agency Act ("CCRAA"), Cal. Civ.Code section 1785.14(b). TransUnion current relies solely on consumers' creditors to voluntarily update the status of accounts belonging to consumers that receive Chapter 7 discharge orders. Plaintiffs complain that TransUnion knows, or should know, that the information these creditors furnish regarding the status of pre-bankruptcy debts is highly unreliable and that its procedures for reporting such debts therefore fail to assure "maximum possible accuracy." SACC ¶ 18.

The Third and Fourth Causes of Action allege negligent and willful failure to reasonably reinvestigate erroneous Credit Reports in violation of the FCRA, 15 U.S.C. § 1681i(a) and the CCRAA, Cal. Civ.Code section 1785.16. Upon learning that TransUnion had issued erroneous Credit Reports concerning their discharged debts, Plaintiffs Falcon and Gidi sent dispute letters to TransUnion requesting that it correct those reports. SACC ¶¶ 44, 49. TransUnion responded by issuing new Credit Reports that persisted in falsely recording the status of Falcon's and Gidi's debts. *Id.* ¶¶ 45, 50.

The Fifth Cause of Action alleges violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.Code sections 17200, *et seq.* The SACC pleads that "Plaintiffs and the Class have suffered ... loss of money or property" as a result of TransUnion's wrongful practices. SACC ¶ 95. Under the UCL, Plaintiffs seek injunctive relief, but do not request monetary damages.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory).

■ The Court must construe the complaint liberally by viewing it in the light most favorable to the plaintiff. *Chang v. Chen,* 80 F.3d 1293, 1296 (9th Cir.1996); *Balistreri,* 901 F.2d at 699. The Court accepts as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations. *See Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 670 (9th Cir.1993); *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

■ Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Chang,* 80 F.3d at 1296; *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987).

## III. DISCUSSION

### A. The First and Second Causes of Action

■ TransUnion moves to dismiss Plaintiffs' First and Second Causes of Action on the grounds that a credit reporting agency cannot be held liable for inaccurate reporting if the procedures used to prepare that reporting were reasonable. *Guimond v. Trans Union Credit Info.,* 45 F.3d 1329, 1333 (9th Cir.1995). The crux of this argument is that the texts of the FCRA and the CCRAA do not expressly require that credit reporting agencies must describe the legal implications of a bankruptcy discharge order on a Credit Report. TransUnion further maintains that because the legal effect of such bankruptcy discharge orders is not readily apparent to entities, such as credit reporting agencies, that are not actual parties to the bankruptcy proceeding, it must be reasonable for them to rely exclusively upon the public record and information voluntarily provided by to update the status of discharged accounts.

The FCRA and the CCRAA both obligate credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the re-

port relates." 15 U.S.C. § 1681e(b); Cal. Civ.Code section 1785.14(b). Each of these statutes impose additional obligations on credit reporting agencies relating to consumers who have filed petitions for bankruptcy that require such agencies to report the particular chapter of Title 11 under which the petition was filed and that limit the amount of time they may report bankruptcy information to a maximum of ten years. 15 U.S.C. §§ 1681c; Cal. Civ. Code section 1785.13(c). But nothing in these statutory provisions suggests that there is an exception to an agency's standard obligation to employ reasonable procedures to ensure maximum possible accuracy for bankruptcy-related information. *See also* 16 C.F.R. 600 app. § 607(3)(A)(6); *id.* § 607(3)(F)(2) ("[A] consumer reporting agency may include delinquencies on debts discharged in bankruptcy in consumer reports, but must accurately note the status of the debt (e.g., discharged, voluntarily repaid)."); *id.* § 607(3)(F)(1) ("A consumer reporting agency must employ reasonable procedures to keep its file current on past due accounts (e.g., by requiring its creditors to notify the credit bureau when a previously past due account has been paid or discharged in bankruptcy)[.]").

There is no basis here upon which the Court could find that TransUnion's procedures are reasonable to ensure maximum possible accuracy as a matter of law. The SACC references a survey of 960 Credit Reports issued by TransUnion showing that in sixty-four per cent of the cases involving no-asset Chapter 7 bankruptcy proceedings, TransUnion erroneously listed one or more of the consumer's discharged debts as due and owing. SACC ¶ 17. The average number of falsely listed debts in this sample was between three and four per report, and some reports contained as many as ten or more such errors. *Id.* This allegation by itself is capable of demonstrating the type of re-petitive and systematic errors in TransUnion's procedures that could render those procedures unreasonable. *See Smith v. Auto Mashers, Inc.,* 85 F.Supp.2d 638, 641 (W.D.Va.2000). Not once in its sixteen page motion or its twenty-one page reply brief does TransUnion confront this error rate or attempt to explain how a set of procedures that it contends to be reasonable could cause for nearly two thirds of the Credit Reports it issues involving debts discharged through Chapter 7 bankruptcy proceedings to contain the same type of error.

The Plaintiffs' allegations go further still, however, and outline specific alternative procedures that TransUnion could follow to dramatically enhance the accuracy of the Credit Reports it issues for consumers with discharged debts. Specifically, they explain that TransUnion already obtains every discharge order issues in Chapter 7 proceedings through the electronic PACER court reporting service and that information as to whether a debt has been reaffirmed or successfully challenged is easily retrievable through this PACER service. By commanding its computers to utilize this resource in an effort to determine which debts have been discharged and which remain, Plaintiffs allege that TransUnion "could achieve close to 100 percent accuracy in the reporting of the status of pre-bankruptcy debts." SACC ¶ 15. TransUnion never even mentions the PACER system in its filings on this Motion.

The fact that TransUnion has elected to ignore Plaintiffs' allegations supporting its claim of unreasonableness does not change the fact that these allegations nevertheless exist and make out a cognizable legal theory. Accordingly, Plaintiffs' First and Second Causes of Action cannot be dismissed on this theory.

## B. The Third and Fourth Causes of Action

TransUnion next seeks to dismiss Plaintiffs' Third and Fourth Causes of Action on similar grounds. Here, again, it maintains that the FCRA and CCRAA do not explicitly require credit reporting agencies to investigate the details regarding the effect of the bankruptcy on each pre-petition debt a consumer incurred.

These arguments, again, fail to confront the statutory obligation of a credit reporting agency in such a situation: to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A); *see also* Cal. Civ.Code § 1785.16. Plaintiffs allege that, even when it is furnished with court records showing that debts have been discharged, TransUnion continue to inaccurate report the status of such debts after reinvestigation in approximately 17 per cent of all cases. SACC ¶ 22. TransUnion, again, fails to even mention this error rate in its argument.

Instead, TransUnion seeks to deflect responsibility for this inaccuracy to the creditors upon whom it relies for information and falls back on its assertion that "a creditor is in a better position than a consumer reporting agency with regard to the ability to detect and correct errors in the reporting of a consumer's account." Def.'s Mot. to Dismiss Pls.' Second Am. Consolidated Class Comp. 13:12–14. This hardly suffices to establish, as a matter of law, that a "reasonable reinvestigation" amounts to an inquiry that goes only to confirmation of the accuracy of information from its original source. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir.1997) ("The 'grave responsibility' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *see also Henson v. CSC Credit Servs.*, 29 F.3d 280, 286–87 (7th Cir.1994); *Stevenson v. TRW, Inc.*, 987 F.2d 288, 293 (5th Cir.1993); *McKeown v. Sears Roebuck & Co.*, 335 F.Supp.2d 917, 930 (W.D.Wis. 2004).

Plaintiffs' allegations are sufficient to establish a cognizable claim for relief, and therefore are not dismissed.

## C. The Fifth Cause of Action

■ TransUnion finally moves to dismiss Plaintiffs' Fifth Cause of Action, contending that Plaintiffs cannot be entitled to monetary relief and lack standing to sue under the UCL. These contentions are also without merit.

■ First, Plaintiffs do not seek monetary relief under the UCL, but rather they seek only injunctive relief on this Claim.[1] Although TransUnion is correct that Plaintiffs would be required to show that TransUnion took money directly from them in order to obtain money damages under the UCL, *see Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163, 173, 96 Cal.Rptr.2d 518, 999 P.2d 706 (2000), no such burden exists here, where Plaintiffs seek only injunctive relief.

---

1. In its reply brief, TransUnion argues, for the first time, that Plaintiffs also are not entitled to injunctive relief under the UCL. There is no reason that TransUnion could not have properly raised this argument in its Motion where the Plaintiffs' desired remedy is apparent on the face of the SACC. The Court will not hear these new arguments in deciding this Motion. To do so would be patently unfair to Plaintiffs who lack a proper opportunity to oppose such arguments, and would not further the interests of justice.

Second, Plaintiffs do satisfy the UCL's standing requirements because they have alleged injury-in-fact and a loss of income as a result of unlawful competition. *See* SACC ¶ 95 ("Plaintiffs and the Class have suffered ... loss of money or property[.]"). This is all that the statute requires. In particular, the statute does not require that the losses in question were the product of the defendant's wrongful acquisition of the plaintiff's property. *See Trew v. Volvo Cars of North Am., LLC,* 2006 WL 306904, *6, 2006 U.S. DIST. LEXIS 4890, at *17 (C.D.Cal.2006) (allegations that defective automobile part certain to fail sufficient to confer UCL standing). The perpetration of Credit Reports containing inaccurate erroneous information regarding "due and owing" debts is a sufficient injury to grant Plaintiffs standing. *See also Southern California Housing Rights Ctr. v. Los Feliz Towers Homeowners Ass'n,* 426 F.Supp.2d 1061 (C.D.Cal.2005) (plaintiff satisfied UCL's lost income standing prong by presenting evidence of "a loss of financial resources in investigating th[e] claim and diversion of staff time").

## IV. DISPOSITION

For the reasons set forth above, the Court hereby DENIES TransUnion's Motion to Dismiss.

The Clerk shall serve this minute order on all parties to the action.