**Juanita SWAIN, Plaintiff,**

v.

**CACH, LLC, et al., Defendants.**

**No. C 08–05562 JW.**

United States District Court,
N.D. California,
San Jose Division.

July 16, 2009.

Scott C. Maurer, San Jose, CA, William Eric Kennedy, Law Offices of William E. Kennedy, Santa Clara, CA, Eric Wayne Wright, Law Offices of Eric W. Wright, Los Gatos, CA, for Plaintiff.

Stephen Alter Scott, Hayes Davis Ellingson McLay & Scott, Redwood Shores, CA, Kathleen Mary Kushi Carter, Linda Luna, Hollins Schechter, Santa Ana, CA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; DENYING MOTION TO STRIKE

JAMES WARE, District Judge.

### I. INTRODUCTION

Juanita Swain ("Plaintiff") brings this action against CACH, LLC ("CACH"),

Hollins Schechter, LLP ("HS"), Rudy Gaba, Jr. ("Gaba"), and Vanessa Martinez ("Martinez") (collectively, "Defendants"), alleging, *inter alia*, violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* and unfair business practices in violation of California Business and Professions Code §§ 17200, *et seq.* Plaintiff alleges that Defendants sued to collect a deficiency on a defective Notice of Intent and misrepresented the debts as credit card obligations.

Presently before the Court are Defendants' Motion to Dismiss Plaintiff's Complaint and Defendants' Motion to Strike.[1] The Court conducted a hearing on June 29, 2009. Plaintiff was represented by counsel. No one appeared on Defendants' behalf. Based on the papers submitted to date and oral argument, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss and DENIES Defendants' Motion to Strike.

## II. BACKGROUND

In a Complaint filed on March 20, 2009, Plaintiff alleges as follows:

In October 2005, Plaintiff purchased and financed a 2003 Ford Escape from the Peninsula Ford of Sunnyvale car dealership in Sunnyvale, California. (First Amended Class Action Complaint ¶ 13, hereafter, "Complaint," Docket Item No. 5.) The dealership provided Plaintiff with financing from Bank of America under a conditional sales contract as defined and regulated by California's Automobile Sales Finance Act ("ASFA"), California Civil Code §§ 2981, *et seq.* (*Id.*) In January 2007, Plaintiff's vehicle was repossessed. (*Id.* ¶ 14.) Bank of America sent a notice of intent to sell the vehicle ("notice of in-

tent") that did not state all the conditions precedent to reinstatement in violation of ASFA. (*Id.*) Bank of America sold the vehicle and sent a demand for the deficiency owed from Plaintiff in the amount of $7,804.84. (*Id.*) No deficiency was owed because the notice of intent did not comply with ASFA. (*Id.*) Bank of America subsequently assigned its rights to CACH. (*Id.*)

On December 13, 2007, CACH, represented by HS and Gaba, filed a complaint in Santa Clara County Superior Court alleging Plaintiff owed money on her Bank of America credit card, when in fact the complaint was based on the deficiency claim. (Complaint ¶ 15.) On July 15, 2008, Plaintiff served Defendants with a verified discovery response indicating that the account was not a credit card and Plaintiff did not owe the debt, due to the fact that the notice of intent was invalid. (*Id.* ¶ 17.) In September 2008, HS and Gaba drafted a declaration indicating that Plaintiff used the credit card and the entire balance was due and payable in full. (*Id.* ¶ 18.) HS and Gaba knew or should have known that there was no credit card account when they drafted the false declaration signed by Defendant Martinez. (*Id.*)

On October 2, 2008, Defendants filed a false declaration and false affidavit in the Superior Court of California.[2] (Complaint ¶ 20.) In November 2008, HS and Gaba drafted an affidavit signed by Debra Pellicaro of Bank of America indicating Plaintiff owed over $7000 pursuant to the card member agreement with Bank of America. (*Id.* ¶ 19.) HS and Gaba knew or should have known that there was no card member agree-

---

1. (hereafter, "Motion to Dismiss" and "Motion to Strike," Docket Item Nos. 6, 9.) These Motions are brought by Defendants HS and Gaba.

2. It is not clear what affidavit is referred to in the Complaint, since the Complaint states the affidavit signed by Debra Pellicaro was drafted in or around November of 2008.

ment. (*Id.*) The Santa Clara County Superior Court dismissed Defendants' complaint without prejudice. (*Id.* ¶ 20.)

On the basis of the allegations outlined above, Plaintiff alleges three causes of action: (1) Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*; (2) Violation of the California Unfair Competition Law ("UCL"), Cal. Civ.Code §§ 17200, *et seq.*; and (3) Declaratory Relief.[3] (Complaint at 8–11.)

Presently before the Court are Defendants' Motions to Dismiss and to Strike.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters.,* 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th

Cir.1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir.2000)

### IV. DISCUSSION

#### A. Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint on three grounds: (1) Plaintiff has not suffered the loss of money or property necessary for standing to pursue the UCL claim; (2) Plaintiff's cause of action for declaratory relief does not seek relief for activity specifically alleged against HS and Gaba; and (3) Plaintiff's class action Complaint for "Class A" fails because Plaintiff's claims are neither common nor typical of the proposed class members, and Plaintiff is inadequate to be a representative of the proposed class. (Motion to Dismiss at 4–8.) The Court addresses each issue in turn.

#### 1. Plaintiff's Standing to Bring a UCL Claim

Defendants move to dismiss Plaintiff's UCL claim on the ground that Plaintiff did not suffer any loss of money or property that is eligible for restitution, which is necessary for standing under the UCL. (Motion to Dismiss at 6.) Plaintiff contends that she was forced to defend Defendants' invalid deficiency lawsuit, which required her to expend money on a defense. (Opposition at 4.)

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."[4] Cal. Bus. & Prof.Code § 17200.

---

**3.** Plaintiff has since dismissed the claim for Unjust Enrichment. (*See* Opposition to Defendants' Motion to Dismiss at 9, hereafter, "Opposition," Docket Item. No. 12.)

**4.** The California Supreme Court has stated that "the primary form of relief available under the UCL to protect consumers from unfair business practices is an injunction, along with

To have standing to bring a cause of action under the UCL, a plaintiff must have "suffered injury in fact and [ ] lost money or property as a result of the unfair competition." Cal. Bus. & Prof.Code § 17204. More specifically, under section 17204, a plaintiff must show "either prior possession or a vested legal interest in the money or property allegedly lost." *Walker v. USAA Cas. Ins. Co.*, 474 F.Supp.2d 1168, 1172 (E.D.Cal.2007), *aff'd, Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025 (9th Cir.2009). As such, "[a]ny person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of § 17204...." Cal. Bus. & Prof.Code § 17203.

The parties' dispute in this case centers on whether UCL standing carries the additional requirement that Plaintiff's loss of money or property be the type of loss that can be remedied by restitution. (Motion to Dismiss at 5; Opposition at 6.) Defendants cite to *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, in which the Court of Appeal stated that, "[b]ecause remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution." 171 Cal.App.4th 1, 22, 89 Cal. Rptr.3d 455 (quoting *Buckland v. Threshold Enters. Ltd.*, 155 Cal.App.4th 798, 817, 66 Cal.Rptr.3d 543 (2007)). Plaintiff, in contrast, contends that there is no such restitutionary injury requirement in the plain language of section 17204. This position finds support in a recent decision by Judge Chesney of this District. In *Ful-*

*ford v. Logitech, Inc.*, No. C 08–2041, 2009 WL 1299088 (N.D.Cal. May 8, 2009), Judge Chesney found UCL standing in a case where the defendant argued that the injury claimed by the plaintiff was not capable of being remedied through restitution. The defendant in *Fulford* contended that *Buckland* and *Walker* both stood for the proposition that UCL standing requires allegation of an injury that is eligible for restitution. 2009 WL 1299088, at *1.

In finding for the plaintiff, Judge Chesney distinguished *Buckland* and *Walker*, on the ground that both cases involved plaintiffs that had not actually lost money or property of any sort. *Id.* For example, in *Buckland*, there was no UCL standing where the plaintiff voluntary purchased the defendant's product solely to incur an injury for purposes of bringing a UCL action "in the public interest." *Buckland*, 155 Cal.App.4th at 818, 66 Cal.Rptr.3d 543. Similarly, in *Walker*, the district court held that a plaintiff's claim based on an "estimate for proposed work" did not qualify him for UCL standing. *Walker*, 474 F.Supp.2d at 1173. Under those facts, in which there was no claim for nonpayment of work actually performed, the *Walker* plaintiff could not show either prior possession or a vested legal interest in the money he claimed. In reviewing these decisions, Judge Chesney found that the *Buckland* and *Walker* courts' use of the phrase "eligible for restitution" were attempts to distinguish between the speculative losses claimed in those cases and the type of loss cognizable under the UCL, specifically, "a loss of money or property in which the plaintiff has either prior possession or a vested legal interest" resulting from unfair competition.[5] *Id.*

ancillary relief in the form of such restitution 'as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.'" *In re Tobacco II Cases*, 46 Cal.4th 298, 93 Cal. Rptr.3d 559, 207 P.3d 20 (2009) (quoting § 17203).

5. The holding from *Citizens of Humanity* is also distinguishable from Plaintiff's case. The court in *Citizens of Humanity* held that harm to a company's goodwill does not constitute a loss of money or property sufficient to confer standing on the plaintiff. 171 Cal.App.4th at 22, 89 Cal.Rptr.3d 455. This holding clearly is not applicable to the present case.

Furthermore, Judge Chesney cited to a line of California cases, in which plaintiffs had standing irrespective of any potential for restitutionary damages. *Fulford*, 2009 WL 1299088, at *1. These cases involved plaintiffs who alleged "loss of income," "loss of financial resources," or "economic loss."[6] On the basis of the reasoning in these cases, Judge Chesney found standing where the plaintiff alleged that he purchased the defendant's product, and that had he known that the product did not possess a specific capability, he would have paid less or not purchased the item. *Id.* at *2.

■ The Court is persuaded by the reasoning in *Fulford* and finds that standing under the UCL does not require a loss of money or property that is "eligible for restitution." Accordingly, the Court finds that Plaintiff will have standing if she alleges a loss of money or property in which she had prior possession or a vested legal interest, even if that loss is not eligible for restitution.

In this case, Plaintiff alleges in relevant part:

> On December 13, 2007, CACH filed a complaint against Plaintiff in the Superior Court of California in Santa Clara County. (Complaint ¶ 15.)
>
> Plaintiff has suffered injury in fact and has lost money or property as a result of defendants acts of unfair competition. (Complaint ¶ 53.) Plaintiff seeks both restitution and injunctive relief under the UCL. (*Id.* at 13.)

■ With respect to whether these allegations are sufficient to confer UCL standing, the Court finds that Plaintiff's "injury in fact" is the suit brought by Defendants on the deficiency claim. However, the Complaint fails to allege that Plaintiff has lost any money or property in which she had a vested interest as a result of that litigation. Although Defendants sued to collect a deficiency, the Complaint alleges that the state court action was dismissed without prejudice. (Complaint ¶ 20.) Thus, Plaintiff has not pleaded sufficient facts to show standing under the UCL.

However, in Plaintiff's Opposition, she contends that: (1) she was the subject of pre-litigation collection efforts with respect to an invalid deficiency claim; (2) she had to defend a lawsuit brought by Defendants in an attempt to collect the invalid claim; (3) she had to pay a filing fee to the court in order to defend her lawsuit; and (4) Defendants filed a false declaration in state court in order to prosecute their invalid claim, and disguised it as a claim that was valid. (Opposition at 4–5.) This suggests that, if given leave to amend, Plaintiff may be able to allege that she expended money defending against Defendants' purportedly unlawful lawsuit.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Second Cause of Action for violation of the UCL,

---

**6.** *See, e.g., White v. Trans Union LLC*, 462 F.Supp.2d 1079, 1084 (C.D.Cal.2006) (holding plaintiff's allegations of loss of income were sufficient to seek injunctive relief under the UCL, and plaintiff did need to show that the losses in question were the product of the defendant's wrongful acquisition of the plaintiff's property); *So. Cal. Housing Rights Ctr. v. Los Feliz Towers Homeowners Ass'n*, 426 F.Supp.2d 1061, 1069 (C.D.Cal.2005) (holding plaintiff Housing Rights Center had standing under the UCL where the plaintiff alleged loss of financial resources through its investigation of a discrimination claim and diversion of staff time from other cases to investigate the discriminatory allegations); *Aron v. U-Haul Co. of Cal.*, 143 Cal.App.4th 796, 802–03, 49 Cal.Rptr.3d 555 (2006) (holding a plaintiff's allegations of economic loss by being required to purchase excess fuel from a third party before returning truck to defendant were sufficient for standing under the UCL).

giving Plaintiff leave to amend to allege the loss of money or property in connection with Defendants' purportedly unlawful conduct.

## 2. Declaratory Relief

Defendants move to dismiss Plaintiff's declaratory relief claim on the ground that Plaintiff does not specifically seek relief against HS and Gaba. (Motion to Dismiss at 6.)

■■■ The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for declaratory relief in case of actual controversy. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007). District courts have the discretion to entertain the action and grant declaratory relief. *Id.* at 136, 127 S.Ct. 764; *California v. Oroville–Wyandotte Irrigation Dist.*, 409 F.2d 532, 533 (9th Cir.1969). An actual controversy is one that is: appropriate for judicial determination; definite and concrete, touching the legal relations of parties having adverse interest; and real and substantial, admitting of specific relief through a decree of conclusive character. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *MedImmune*, 549 U.S. at 126, 127 S.Ct. 764.

Here, Plaintiff alleges that CACH, represented by HS and Gaba, brought a state court action to collect owed money on a credit card, when the complaint was actually based on the invalid deficiency claim. (Complaint ¶ 16.) This state court action allegedly included false affidavits and declarations drafted by HS and Gaba and was later dismissed without prejudice. (*Id.* ¶¶ 17–18, 20.) From this, Plaintiff alleges that there is an "actual controversy" concerning her liability for the deficiency balance, and she requests a declaration from the Court that she is not liable for the deficiency balance. (Complaint ¶ 56.)

■■■ The Court finds that Plaintiff's declaratory relief claim fails for two reasons. First, as to her liability for the deficiency balance, the Court finds this is a compulsory counterclaim that Plaintiff should have asserted in the underlying state action when she was sued by Defendants.[7] The California compulsory counterclaim rule is contained in California Code of Civil Procedure § 426.30, which provides in relevant part:

> Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

**7.** Since the Court has raised this issue *sua sponte*, the Court discusses whether Plaintiff's FDCPA claim is also a compulsory counterclaim that should have been asserted in the state action. Although the FDCPA claim is generally related to the subject matter of the state collection action, Plaintiff's claim arise out of a different set of facts related to Defendants' alleged unfair and illegal practices in their efforts to collect on that debt. Other courts have held that collection claims and FDCPA claims do not arise out of the same set of operative facts. *See, e.g., Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1997); *Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1137 (8th Cir.1981) ("Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts."); *Sparrow v. Mazda Am. Credit*, 385 F.Supp.2d 1063, 1068–69 (E.D.Cal.2005). Accordingly, the Court finds that Plaintiff's FDCPA claim is not a compulsory counterclaim.

Cal.Civ.Proc.Code § 426.30. Plaintiff's request for a declaration that she is not liable for the deficiency balance arise out of the same set of operative facts at issue in the collection case, namely, the ownership and enforceability of the debt. The Ninth Circuit has held that "Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action." *In re Crown Vantage, Inc.*, 421 F.3d 963, 973 n. 7 (9th Cir.2005) (citing *Cheiker v. Prudential Ins. Co.*, 820 F.2d 334 (9th Cir.1987)). Thus, Plaintiff cannot now, in federal court, seek a declaration as to her liability.

■ Second, the Court finds Plaintiff's request, with respect to providing guidance to the parties,[8] is an attempt to secure an advisory opinion, which is not permitted under the Declaratory Judgment Act. *See MedImmune*, 549 U.S. at 142–143, 127 S.Ct. 764.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claim for declaratory relief.

### 3. Class Representative

Defendants move to dismiss Plaintiff's "Class A" allegations because Plaintiff's claims are neither common nor typical of the proposed class members, and Plaintiff is inadequate to be a class representative for the proposed class. (Motion to Dismiss at 8.) Plaintiff contends that any challenge to the putative class under Rule 23 is premature and such defects should only be raised in opposition to a motion for class certification. (Opposition at 9.)

**8.** Plaintiff contends that a declaration "will provide guidance as to the rights and responsibilities of the various parties involved in attempting to collect debts.... [HS] will be advised ... to cease pre-litigation collection efforts and cease filing lawsuits." (Opposition at 8.)

■ Rule 23(c)(1) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed.R.Civ.P. 23(c)(1). According to the Ninth Circuit, "compliance with [Federal Rules of Civil Procedure] 23 is not to be tested by a motion to dismiss for failure to state a claim." *Gillibeau v. City of Richmond*, 417 F.2d 426 (9th Cir.1969).

■ The Court finds that Defendants' Motion is premature. Here, no order has been sought to certify the action as a class action. Defendants' objections to Plaintiff serving as a class representative must be resolved through a class certification motion. *See Barnett v. County of Contra Costa*, No. C 04–4437, 2005 WL 5095264, at *3 (N.D.Cal. Oct. 31, 2005).

Accordingly, the Court DENIES Defendants' Motion to Dismiss Plaintiff's "Class A" allegations.

### B. *Motion to Strike Portions of Plaintiff's Complaint*

Defendants move to strike various allegations contained in Plaintiff's Complaint on the grounds that Plaintiff's allegations are immaterial or impertinent, and that the fraud claim is not pleaded with particularity under Federal Rule of Civil Procedure 9(b).[9] (Motion to Strike at 5, 8.)

The Court finds that Defendants' challenges to the truthfulness of portions of Plaintiff's Complaint require the Court to make factual determinations that go to merits of the case, and such challenges are not appropriate under a Rule 12(f) motion

**9.** Defendants' motion to strike Plaintiff's fraud claim under the UCL is moot, as a result of the Court's granting of Defendants' Motion to Dismiss Plaintiff's UCL claim.

to strike. See *In re JDS Uniphase Corp. Secs. Litig.,* No. C 02–1486, 2005 WL 1705766, at *3 (N.D.Cal. July 21, 2005).

Accordingly, the Court DENIES Defendants' Motion to Strike.

## V. CONCLUSION

The Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss as follows:

(1) Defendants' Motion to Dismiss Plaintiff's Second Cause of Action for violation of the UCL is GRANTED with leave to amend;

(2) Defendants' Motion to Dismiss Plaintiff's Third Cause of Action for Declaratory Relief is GRANTED with prejudice;

(3) Defendants' Motion to Dismiss Plaintiff's "Class A" allegations is DENIED as premature.

The Court DENIES Defendants' Motion to Strike.

Any amended Complaint shall be filed on or before **July 31, 2009** and shall be consistent with the terms of this Order.

The parties shall appear for a Case Management Conference on **September 28, 2009 at 10 a.m.** On or before **September 18, 2009,** the parties shall file a Joint Case Management Statement. The Statement shall include, among other things, an update on the parties' mediation efforts and a good faith discovery plan with a proposed date for the close of all discovery.