IT IS HEREBY ORDERED that Defendants' motion to dismiss or stay [# 8] is GRANTED.

IT IS FURTHER ORDERED that this case is STAYED pending resolution of defendants' crossclaims in the state-court proceeding.

IT IS FURTHER ORDERED that the parties shall notify this court in writing within fourteen days of the resolution of the state court proceeding.

Juanita SWAIN, Plaintiff,

v.

CACH, LLC, et al., Defendants.

No. C 08–05562 JW.

United States District Court, N.D. California, San Jose Division.

Nov. 4, 2009.

Scott C. Maurer, San Jose, CA, William Eric Kennedy, Law Offices of William E. Kennedy, Santa Clara, CA, Eric Wayne Wright, Law Offices of Eric W. Wright, Los Gatos, CA, for Plaintiff.

Stephen Alter Scott, Hayes Davis Ellingson McLay & Scott, Redwood Shores, CA, Kathleen Mary Kushi Carter, Linda Luna, Hollins Schechter, Santa Ana, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING MOTION TO STAY

JAMES WARE, District Judge.

Presently before the Court are Defendants Hollins Schecter ("HS") and Rudy Gaba, Jr.'s ("Gaba") Motion to Dismiss Second Amended Complaint,[1] Defendants CACH, LLC ("CACH") and Vanessa Martinez's ("Martinez") Motion to Dismiss the Second Amended Complaint,[2] and Defendants CACH and Martinez's Motion to Stay.[3] The Court finds it appropriate to take the Motions under submission without oral argument. *See* Civ. L.R. 7–1(b). Based on the papers submitted to date, the Court GRANTS Defendants' Motions to Dismiss and DENIES Defendants CACH and Martinez's Motion to Stay.

### A. *Background*

A detailed outline of the factual allegations in this case may be found in the Court's July 16, 2009 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss; Denying Motion to Strike. 699 F.Supp.2d 1117, 2009 WL 6325530 (N.D.Cal.2009) (hereafter, "Order," Docket Item No. 23.) The Court reviews the relevant procedural history to the extent it implicates the present Motion.

In its July 16 Order, the Court examined the issue of whether standing under the California Unfair Competition Law ("UCL") carries a requirement that Plaintiff's loss of money or property be the type of loss that can be remedied by restitution. (Order, 699 F.Supp.2d at 1121.) Although the California Supreme Court has never addressed the issue directly, after examining the case law, the Court held that standing under the UCL does not require a loss of money or property that is eligible for restitution. (*Id.* at 1121–22.) Rather, the Court found that Plaintiff has UCL standing if she alleges a loss of money or property in which she had prior possession or a vested legal interest. (*Id.*) Applying that standard, the Court found that Plaintiff's Complaint failed to allege any loss of money or property in which she had a vested interest resulting from Defendants' actions, and thus she did not have UCL standing. (*Id.* at 1122–23.)

On July 30, 2009, Plaintiff filed a Second Amended Complaint. (hereafter, "SAC," Docket Item No. 24.) In her Second Amended Complaint, Plaintiff alleges three causes of action: (1) Violation of the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, *et seq.;* (2) Violation of the California UCL, Cal. Bus. & Prof.Code §§ 17200, *et seq.;* and (3) Unjust Enrichment. (*Id.* ¶¶ 37–57.) Plaintiff also included in the Second Amended Complaint a new allegation that in response to Defendants' state court lawsuit attempting to collect an invalid debt, Plaintiff had to pay a filing fee of $180. (*Id.* ¶ 15.)

Presently before the Court are Defendants' Motions to Dismiss, and Defendants CACH and Martinez's Motion to Stay. The Court addresses each of the Motions in turn.

### B. *Motions to Dismiss*

Defendants HS and Gaba contend that Plaintiff fails to state a claim under the FDCPA because Plaintiff alleges only the legal conclusion, without providing supporting facts, that HS and Gaba are debt collectors within the meaning of the stat-

---

1. (hereafter, "HS and Gaba's Motion to Dismiss," Docket Item No. 26.)

2. (hereafter, "CACH and Martinez's Motion to Dismiss," Docket Item No. 33.)

3. (hereafter, "Motion to Stay," Docket Item No. 30.)

ute. (HS and Gaba's Motion to Dismiss at 5–6.) All Defendants contend that Plaintiff lacks standing under the UCL because she does not allege that she is eligible for restitution, and Plaintiff was already awarded a state court judgment that included the filing fee she paid in defending Defendants' debt collection action. (HS and Gaba's Motion to Dismiss at 7–13; CACH and Martinez's Motion to Dismiss at 3–8.) In addition, Defendants CACH and Martinez contend that Plaintiff fails to state a claim for unjust enrichment because unjust enrichment is a remedy rather than a cause of action. (CACH and Martinez's Motion to Dismiss at 8–9.)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters.,* 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir.1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir.2009). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir.2000).

### 1. FDCPA

At issue is whether Plaintiff alleges sufficient facts to establish that Defendants HS and Gaba are "debt collectors" as defined under the FDCPA.

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

■ Here, in her Second Amended Complaint, Plaintiff alleges, "Each of the defendants is a 'debt collector' within the meaning of 15 U.S.C. § 1692a(6)." (SAC ¶ 38.) The Court finds this allegation by itself insufficient to state a claim for relief under the FDCPA. Plaintiff has merely alleged the legal conclusion that all Defendants are debt collectors without providing any supporting facts demonstrating that they each engage in a business the princi-

pal purpose of which is the collection of debts.

Accordingly, the Court GRANTS Defendants HS and Gaba's Motion to Dismiss as to Plaintiff's First Cause of Action for Violation of the FDCPA with leave to amend. Since Defendants CACH and Martinez did not move to dismiss Plaintiff's FDCPA claim in their Motion, the Court only dismisses the FDCPA claim as to Defendants HS and Gaba.

### 2. UCL

Defendants move to dismiss Plaintiff's UCL claim on two grounds: (1) Plaintiff did not suffer any loss of money or property that is eligible for restitution, which is necessary for standing under the UCL,[4] and (2) the judgment in Defendants' state court debt collection action against Plaintiff awarded Plaintiff her filing fee, so she cannot now claim that filing fee as a loss of money for UCL standing.[5]

### a. Eligibility for Restitution Requirement for UCL Standing

■ In its July 16 Order, the Court held that standing under the UCL does not require a loss of money or property that is eligible for restitution. (Order at 6.) Defendants now contend that since the Court issued its Order, several cases have been decided by the California Supreme Court and California district courts which should lead the Court to reconsider its holding with respect to the UCL standing requirement.[6]

Civil Local Rule 7–9(a) provides:

Before the entry of a judgment adjudicating all of the claims and the rights

and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7–9(b). No party may notice a motion for reconsideration without first obtaining leave of the Court to file the motion.

Civil Local Rule 7–9(b) provides, in relevant part:

A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7–9. The moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order.

Here, the Court declines Defendants' request to reconsider its Order holding that standing under the UCL does not require a loss of money or property that is eligible for restitution. First, Defendants move for reconsideration without first obtaining leave of the Court to file the motion, which is an express prerequisite for such a motion under Civil Local Rule 7–9(a).

---

**4.** (HS and Gaba's Motion to Dismiss at 7–11; CACH and Martinez's Motion to Dismiss at 6–8.)

**5.** (HS and Gaba's Motion to Dismiss at 11–13; CACH and Martinez's Motion to Dismiss at 3–6.)

**6.** (HS and Gaba's Motion to Dismiss at 7–10; CACH and Martinez's Motion to Dismiss at 6–8.)

Putting aside Defendants' failure to adhere to the Civil Local Rules of the Court, the cases which Defendants cite in support of their request for reconsideration do not represent a controlling change in the law governing the eligibility for restitution requirement for UCL standing. For example, Defendants cited a recent California Supreme Court Case, *In Re Tobacco II Cases*, which held that in order to bring a class action claim under the UCL, each class representative, but not each class member, must have standing. 46 Cal.4th 298, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009). By Defendants' own admission, *In Re Tobacco II Cases* did not address *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, a state court of appeals decision which held that UCL standing is limited to "individuals who suffer losses of money or property that are eligible for restitution." 171 Cal.App.4th 1, 22, 89 Cal.Rptr.3d 455 (App.Ct.2009). In its July 16 Order, the Court specifically considered *Citizens of Humanity*, and declined to follow it as governing law. Nothing in *In Re Tobacco II Cases* mandates that the Court take a contrary position now.

In support of their request for reconsideration, Defendants also cite two recent California district court cases: *Brockington v. J.P. Morgan Chase Bank*, 2009 WL 1916690, 2009 U.S. Dist. LEXIS 56622 (N.D.Cal.2009), and *Germain v. J.C. Penney Co.*, 2009 WL 1971336, 2009 U.S. Dist. LEXIS 60936 (C.D.Cal.2009). The opinion of another district court is not binding on this Court. *See Masten v. Aetna Life Ins. Co.*, 2009 WL 981667, *1 (W.D.Wash.2009). Thus, neither of these decisions would require the Court to reconsider the holding in its prior Order.

### b. Loss of Filing Fee

Defendants contend that the $180 filing fee which Plaintiff expended defending Defendants' state court debt-collection action against her is not sufficient to give Plaintiff UCL standing because she had a statutory right to recover her costs as the prevailing party in that action.[7] Plaintiff responds that judgment was not entered in her favor in the state court action nor did she ever receive a notice of entry of judgment or dismissal from the clerk of court.[8]

■ Cal.Code of Civ. Proc. § 1032(b) provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Cal. Code of Civ. Proc. § 1033.5(b) provides that filing, motion, and jury fees are all "allowable costs under Section 1032." California Rules of Court 870(a)(1) provides that "[a] prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." The failure of a prevailing party to file a cost bill, or to call the trial judge's attention a mistake in failing to award costs, is fatal to a claim for costs. *Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.*, 223 Cal.App.3d 924, 928, 272 Cal.Rptr. 899 (App.Ct.1990) ("The statutory right to costs is not lost by virtue of the court's neglect or error. Such neglect or error may be corrected by the trial court.").

■ Here, Defendants have submitted two documents to the Court in support of

---

7. (HS and Gaba's Motion to Dismiss at 11–13; CACH and Martinez's Motion to Dismiss at 3–6.)

8. (Plaintiff's Opposition to Collector Defendants' Motion to Dismiss, hereafter, "Collector Opposition," Docket Item No. 45.)

their contention that Plaintiff is entitled to recover costs in the state court action: (1) a Minute Order for Civil Trial in the Superior Court of California ("Minute Order") dated November 3, 2008; (2) a Register of Actions/Docket for the case ("Docket").[9] The Minute Order states, "The Court enters Judgment in favor of the defendant and Orders defense counsel to prepare order after hearing," reflecting that Plaintiff was the prevailing party in the state court action.[10] The Docket reflects that the state court action was dismissed on November 3, 2008, which further demonstrates that Plaintiff prevailed in state court. On their face, these court documents establish that Plaintiff was the prevailing party in the state court action and that judgment was entered in her favor. Thus, Plaintiff is entitled to recover her state court filing fee under Cal.Code of Civ. Proc. §§ 1032(b) and 1033.5.

Plaintiff's counsel declares that his office "has not been served with any order or judgment indicating that the state court case has been finally dismissed or that any judgment of any kinds has been entered." [11] Plaintiff's counsel further declares that he has not attempted to communicate with the state court trial judge, James P. Kleinberg, since he mailed Judge Kleinberg a proposed order on November 12, 2008. (*Id.* ¶ 3.) Even if Plaintiff never received service of written notice of entry of judgment or dismissal, she was still required to serve and file a memorandum of costs within 180 days after entry of judgment pursuant to California Rules of

Court 870(a)(1). The record shows that Plaintiff failed to file a cost bill before May 2, 2009, 180 days after entry of judgment in the state court action on November 3, 2008, and did not attempt to correct the state court judge's mistake if he neglected to award costs. Thus, the Court finds that Plaintiff has waived her right to recover costs and cannot now attempt to do so in federal court.[12] Since Plaintiff had the right to recover her $180 filing fee in state court and then waived that right, the fee cannot now constitute a monetary loss upon which to base UCL standing.

Accordingly, the Court GRANTS Defendants' Motions to Dismiss as to Plaintiff's UCL claim. Since Plaintiff cannot prove that she did not have the right to recover her $180 filing fee in state court, Plaintiff will not be able to cure the defect in the Second Amended Complaint by further amendment. Furthermore, the Court has already provided Plaintiff with one opportunity to amend her Complaint to allege a loss of money or property for UCL standing. Thus, the Court DISMISSES Plaintiff's UCL claim with prejudice.

### 3. Unjust Enrichment

At issue is whether Plaintiff may assert an independent cause of action for unjust enrichment.

 Under California law, "[u]njust enrichment is not a cause of action ... or even a remedy, but rather a general principle, underlying various legal doctrines

---

9. (Request for Judicial Notice in Support of Defendants' Motion to Dismiss First Amended Class Action Complaint, hereafter, "RJN," Exs. 1–2, Docket Item No. 27.) The Court GRANTS Defendants' Request for Judicial Notice pursuant to Fed.R.Evid. 201.

10. Plaintiff here was the defendant in the state court action.

11. (Declaration of Scott Maurer in Support of Opposition to Collector Defendants' Motion to Dismiss ¶ 4, Docket Item No. 42.)

12. Even if Plaintiff had not waived her right to recover the $180 filing fee in her state action, the Court would still be reluctant to allow Plaintiff to claim the filing fee in her federal action since allowing the claim to go forward in federal court could then result in double recovery for Plaintiff.

and remedies. It is synonymous with restitution." *McBride v. Boughton,* 123 Cal. App.4th 379, 387, 20 Cal.Rptr.3d 115 (2004); *see also McKell v. Wash. Mut., Inc.,* 142 Cal.App.4th 1457, 1490, 49 Cal. Rptr.3d 227 (2006). Thus, unjust enrichment is a theory of recovery, not an independent legal claim. *Ib Melchior v. New Line Productions, Inc.,* 106 Cal.App.4th 779, 793, 131 Cal.Rptr.2d 347 (2003).

■ Here, Plaintiff's Third Cause of Action for Unjust Enrichment states, "CACH has collected deficiency balances from members of Proposed Class A despite the fact that no such debts existed. Accordingly, CACH has been unjustly enriched at the expense of members of Proposed Class A and should be required to make restitution of all amounts collected." (SAC ¶ 57.) While Plaintiff may allege unjust enrichment to support a restitutionary remedy in conjunction with another claim, Plaintiff cannot assert unjust enrichment as a separate cause of action under California law.

Accordingly, the Court GRANTS Defendants CACH and Martinez's Motion to Dismiss as to Plaintiff's Third Cause of Action. The Court orders the Third Cause of Action stricken.

### C. *Motion to Stay*

Defendants CACH and Martinez move to stay the action on the ground that the United States Supreme Court has granted certiorari in a case that will bear directly on Defendants' ability to raise the affirmative defense of bona fide mistake of law in relation to Plaintiff's FDCPA claim. (Motion to Stay at 2.) Defendants CACH and Martinez contend that since the Ninth Circuit does not currently recognize a bona fide error defense for mistake of law under FDCPA,[13] a Supreme Court decision holding that the defense is valid could force the

parties to relitigate certain claims unless a stay is granted.

In *Jerman v. Carlisle,* the plaintiff sued a law firm and one of its attorneys under FDCPA for falsely representing to plaintiff that her debt would be assumed valid unless she disputed the debt "in writing," even though the FDCPA does not require a written dispute. 538 F.3d 469, 471 (6th Cir.2008), *cert. granted,* —— U.S. ——, 129 S.Ct. 2863, 174 L.Ed.2d 575 (2009). The district court granted summary judgment for the defendants on the ground that defendants had made an unintentional bona fide mistake as to the FDCPA's written-dispute requirement. *Id.* at 472. The Sixth Circuit affirmed, holding that the FDCPA's bona fide error defense applies to mistakes of law. *Id.* at 477–78. The case is now pending before the United States Supreme Court. *See Jerman v. Carlisle,* —— U.S. ——, 129 S.Ct. 2863, 174 L.Ed.2d 575 (2009).

The Court finds that in light of this Order, it would be premature at this time to stay the action pending the Supreme Court's resolution of *Jerman.* The Court has dismissed Plaintiff's FDCPA claim as to Defendants HS and Gaba, and it remains to be seen whether the FDCPA claim as to Defendants CACH and Martinez will survive further dispositive motions. However, the Court leaves open the possibility of considering a stay once an operative Complaint is filed.

Accordingly, the Court DENIES Defendants CACH and Martinez's Motion to Stay without prejudice.

### D. *Conclusion*

In sum, the Court GRANTS Defendants' Motions to Dismiss as follows:

---

13. *Baker v. G.C. Servs. Corp.,* 677 F.2d 775, 779 (9th Cir.1982) ("Reliance on advice of counsel or a mistake about the law is insufficient by itself to raise the bona fide error defense.").

(1) The Court DISMISSES Plaintiff's FDCPA claim as to Defendants HS and Gaba with leave to amend. On or before **December 4, 2009,** Plaintiff shall file her Amended Complaint consistent with the direction of this Order.

(2) The Court DISMISSES Plaintiff's UCL and Unjust Enrichment claims as to all Defendants with prejudice.

The Court DENIES Defendants CACH and Martinez's Motion to Stay without prejudice.