Filed 8/21/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| BARRY B. KAUFMAN et al., | B248151 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BS137215) |
| v. | |
| DISKEEPER CORPORATION, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles, Kevin C. Brazile, Judge. Reversed and remanded.

Law Offices of Barry B. Kaufman for Plaintiffs and Respondents.

Jeffer Mangels Butler & Mitchell, Louise Ann Fernandez, Dan P. Sedor and An Nguyen Ruda; Jones Day, Elwood Lui and Peter E. Davids for Defendant and Appellant.

Appellant Diskeeper Corporation (Diskeeper) challenges the trial court's denial of a contract-based award of attorney fees following the confirmation of an arbitration award.  Diskeeper contends the court improperly denied the award on the ground that Diskeeper filed no memorandum of costs in seeking the award.  We conclude that Diskeeper's contention is correct.  Specifically, we hold that a party seeking attorney fees pursuant to Civil Code section 1717 need not, in addition to filing a noticed motion, file a memorandum of costs.  We therefore reverse the court's ruling and remand for further proceedings.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is the second time this case has come before us on appeal.  Diskeeper is a software company located in Burbank.  In 2006, Diskeeper hired respondent Alexander Godelman as its Chief Information Officer, and also hired Marc LeShay, who worked as Godelman's subordinate.  After LeShay resigned from his position, Diskeeper terminated Godelman.

In 2007, Godelman and LeShay initiated a lawsuit against Diskeeper in which Godelman asserted claims for wrongful termination.  Respondent Barry B. Kaufman, an attorney, represented Godelman and LeShay in the action.  Later, in 2009, Godelman and LeShay entered into a settlement of their action against Diskeeper.  The settlement agreement required Godelman and LeShay to return Diskeeper's property, including enumerated records, and imposed nondisclosure obligations on them and Kaufman.  Other terms of the agreement obliged the parties to submit disputes to binding arbitration.  The agreement also contained an attorney fee provision, which provided for a fee award to the prevailing party in

2

"any litigation, arbitration, or other proceeding . . . brought for the interpretation or enforcement of" the agreement.

In January 2011, Diskeeper commenced an arbitration, alleging that respondents Godelman and Kaufman had failed to comply with their obligations under the settlement agreement to return some documents and not to disclose their contents. Diskeeper asserted claims against respondents for breach of the settlement agreement, breach of the implied covenant of good faith and fair dealing, unjust enrichment, misrepresentation, and civil conspiracy. The matter was submitted to arbitration. On April 4, 2012, the arbitrator issued his final award, concluding, inter alia, that Godelman had breached his duty to return Diskeeper's property, and that Kaufman had breached his nondisclosure obligations. The arbitrator further determined that Diskeeper was entitled to $70,000 in damages, $297,000 in attorney fees, and $88,034.69 in costs and expenses.[1]

In May 2012, appellants filed a petition to vacate the arbitration award. They later filed an amended petition and motions to vacate the award. Diskeeper opposed the petitions and motions, and filed a motion to confirm the award. Following a hearing, the trial court confirmed the arbitration award. On December 14, 2012, the court entered a judgment in favor of Diskeeper, from which respondents noticed an appeal. In an unpublished opinion, we affirmed the judgment (*Kaufman v. Diskeeper Corp.* (Apr. 28, 2014, B247315)).

On January 31, 2013, Diskeeper filed a motion for an award of attorney fees and costs as the prevailing party in the arbitration confirmation proceeding.

---

[1] Although the arbitrator found that Diskeeper had prevailed against both Godelman and Kaufman, he concluded that it was appropriate to assess the damages, fees, costs, and expenses solely against Kaufman.

3

Relying on Civil Code section 1717 and Code of Civil Procedure section 1033.5, Diskeeper requested attorney fees totaling $183,419, plus $878 for other costs and expenses. In opposing the motion, respondents contended that Diskeeper had filed no memorandum of costs, as specified in rule 3.1700 of the California Rules of Court (rule 3.1700). Diskeeper's reply maintained that rule 3.1702 of the California Rules of Court (rule 3.1702), which regulates the recovery of contractual attorney fees, imposes no requirement of a memorandum of costs. On March 6, 2013, the trial court denied Diskeeper's motion, concluding that under the controlling statutes and rules of court, "a memorandum of costs must be filed in order to establish an entitlement to costs, including attorney[] fees." This appeal followed.

## DISCUSSION

Diskeeper's contention on appeal focuses exclusively on the denial of its request for an award of attorney fees. That contention raises an issue of first impression, as our research has disclosed no published decision examining whether a party seeking contractual attorney fees subject to Civil Code section 1717 must file a memorandum of costs regarding the fees. As explained below, we conclude that the applicable statutes and court rules imposed no such requirement on Diskeeper.[2]

---

[2]     We agree with the trial court that Diskeeper was required to file a memorandum of costs in order to recover the other costs and expenses it sought, and that Diskeeper's failure to do so worked a forfeiture regarding them. Diskeeper does not dispute that ruling on appeal.

4

A.  *Governing Principles*

We independently review the trial court's interpretation of the applicable statutes and court rules.  (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 535; *Sino Century Development Limited v. Farley* (2012) 211 Cal.App.4th 688, 693.)  "In construing a statute '[o]ur task is to discern the Legislature's intent.  The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context.  If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.'"  (*Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2009) 45 Cal.4th 557, 571, quoting *Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190.)  When appropriate, we may resort to other aids, including the maxims of statutory construction and extrinsic evidence of intent; moreover, we may examine the consequences of alternative interpretations.  (*Ibid*.)  The same principles are also applicable to the interpretation of the California Rules of Court.  (*Crespin v. Shewry* (2004) 125 Cal.App.4th 259, 265 (*Crespin*).)


B.  *Applicable Statutes*

As statutes control over court rules (*California Court Reporters Assn. v. Judicial Council of California* (1996) 39 Cal.App.4th 15, 21-22), we begin by examining the statutory scheme applicable to Diskeeper's fee request.  Because Diskeeper incurred its fees in confirming an arbitration award arising from a mandatory arbitration provision in the settlement agreement, and its attorney fee request was based on the fee provision in that agreement, the request was subject to Civil Code section 1717.  (*MBNA America Bank, N.A. v. Gorman* (2006) 147 Cal.App.4th Supp. 1, Supp. 7-8.)  Subdivision (a) of that statute provides:

5

"Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit." Subdivision (b) of the statute further provides that "[t]he court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section."

The principal statutes governing the recovery of costs are found in the Code of Civil Procedure (§ 1021 et seq.). (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 83, pp. 620-621.) Pertinent here is Code of Civil Procedure section 1033.5, which addresses the recovery of attorney fees under Civil Code section 1717. Section 1033.5, subdivision (a)(10), permits an award of attorney fees as an item of costs "when authorized by . . . : [¶] (A) Contract." Subdivision (c)(5) of that statute further provides that attorney fees awarded under Civil Code section 1717 fall within the scope of subdivision (a)(10)(A), and thus must "be fixed either upon a noticed motion or upon entry of a default judgment, unless otherwise provided by stipulation of the parties." The Legislature enacted the relevant portions of Code of Civil Procedure section 1033.5, subdivision (c)(5) to clarify that the proper method to recover contractual attorney fees is "as an item of costs awarded upon noticed motion," rather than as an element of damages pleaded in the complaint. (*Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 194.) As noted in *Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 371, in amending subdivision (c)(5) of the statute to contain those provisions, the Legislature stated that its intent was "to confirm that . . . attorney's fees [under Civil Code section 1717] are costs which are to be awarded only upon noticed motion, except where the parties stipulate otherwise or judgment is entered by default." (Quoting Stats. 1990, ch. 804, § 2, p. 3552.)

Also pertinent here is Code of Civil Procedure section 1034, which authorizes the Judicial Council to propound rules regulating the recovery of allowable costs incurred before the trial court or on appeal.[3] Although Code of Civil Procedure section 1033.5 obliges a party seeking attorney fees under Civil Code section 1717 to do so by a noticed motion, neither statute expressly mandates that the party also file a memorandum of costs to secure such fees. For that reason, resolution of the issue before us ultimately hinges on the key rules adopted by the Judicial Council. These are the rules found in Division 17 of the Rules of Court under the title, "Attorney's Fees and Costs," namely, rules 3.1700 and 3.1702.

C. *Rules 3.1700 And 3.1702*

Rule 3.1700 is entitled "**PREJUDGMENT COSTS**." Rule 3.1700(a)(1), which addresses "[t]rial costs," states that "[a] prevailing party who claims costs must serve and file a memorandum of costs" within 15 days after notice of entry of judgment, or within 180 days after entry of judgment, whichever is first.[4] Rule 3.1700(b) establishes a procedure for contesting costs by means of a motion to tax costs. Absent special circumstances, that motion must be served and filed 15 days after the service of the memorandum of costs. (Rule 3.1700(b)(1).)

---

[3]     Code of Civil Procedure section 1034 provides: "(a) Prejudgment costs allowable under this chapter shall be claimed and contested in accordance with rules adopted by the Judicial Council. [¶] (b) The Judicial Council shall establish by rule allowable costs on appeal and the procedure for claiming those costs."

[4]     Rule 3.1700(a) further provides: "The memorandum of costs must be verified by a statement of the party, attorney, or agent that to the best of his or her knowledge the items of cost are correct and were necessarily incurred in the case."

7

Rule 3.1702 is entitled "**CLAIMING ATTORNEY'S FEES**." Rule 3.1702(a), entitled "Application," states: "Except as otherwise provided by statute, this rule applies in civil cases to claims for statutory attorney's fees and claims for attorney's fees provided for in a contract. Subdivisions (b) and (c) apply when the court determines entitlement to the fees, the amount of the fees, or both, whether the court makes that determination because the statute or contract refers to 'reasonable' fees, because it requires a determination of the prevailing party, or for other reasons."

Subdivisions (b) and (c) of rule 3.1702 specify deadlines for filing motions to claim attorney fees incurred in trial court proceedings and on appeal. The former, entitled "**Attorney's fees before trial court judgment**," is applicable here. It states: "A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal . . . ." In an unlimited civil action such as the case before us, that deadline ordinarily falls 60 days after notice of entry of judgment, or 180 days after entry of judgment, whichever is first. (Cal. Rules of Court, rule 8.104.)

Neither subdivision (b) nor subdivision (c) of rule 3.1702 mentions a memorandum of costs. The sole express reference to a memorandum of costs in rule 3.1702 appears in subdivision (e), addressing "**Attorney's fees fixed by formula**": "If a party is entitled to statutory or contractual attorney's fees that are fixed without the necessity of a court determination, the fees must be claimed in the memorandum of costs."

8

D. *Analysis*

In our view, rule 3.1700 is inapplicable to Diskeeper's request for attorney fees under Civil Code 1717, and rule 3.1702 imposes no requirement that a memorandum of costs be filed. By its plain language, rule 3.1702 constitutes the sole rule governing Diskeeper's request: "*Except as otherwise provided by statute, this rule applies* in civil cases to claims for . . . attorney's fees provided for in a contract." (Rule 3.172(a), italics added.) As noted above (see pt. B, *ante*), no statute governing fee requests under Civil Code section 1717 mandates the filing of a memorandum of costs. Under rule 3.1702, a memorandum of costs is required only when a fee motion is *not required*, that is, when "contractual attorney's fees . . . are fixed without the necessity of a court determination . . . ." (Rule 3.1702(e).) To read rule 3.1700 as the governing rule, as respondents suggest, would be to construe the directive of rule 3.1702(a) that "this rule applies," to mean "another rule (viz., 3.1700) applies." We decline to ignore the unambiguous directive of rule 3.1702.

Other considerations support our conclusion. Generally, in construing a court rule, we seek "'a reasonable and commonsense interpretation consistent with its apparent purpose, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity.'" (*Crespin*, *supra*, 125 Cal.App.4th at p. 265, quoting *Lammers v. Superior Court* (2000) 83 Cal.App.4th 1309, 1321.) Here, rules 3.1700 and 3.1702 establish distinct procedures for asserting and contesting claims within their scope: whereas the former rule imposes relatively brief periods for the filing of a memorandum of costs and motion to tax costs, the latter rule affords a much longer period for the filing of a motion for attorney fees in unlimited civil actions. Thus, if a request for attorney fees under Civil Code section 1717 were subject to both rules, the party

9

making the request would be obliged to trigger two duplicative but temporally divergent procedures. Because that interpretation invites "'mischief or absurdity,'" we reject it. (*Crespin, supra,* at p. 265.)

Our conclusion finds additional support from the optional forms the Judicial Council has approved for use in conjunction with rule 3.1700, namely form MC-010 (entitled "Memorandum of Costs (Summary)") and form MC-011 (entitled "Memorandum of Costs (Worksheet)").[5] Each provides a blank space for the amount of attorney fees sought, and states: "[E]nter here *if* contractual or statutory fees are fixed without necessity of a court determination*; otherwise a noticed motion is required*." (Italics deleted.) Thus, when a party seeks attorney fees under Civil Code section 1717 that must be fixed by the trial court, the forms effectively advise the party that (a) a figure is not to be entered in the blank space, and (b) doing so will *not* secure the requested fees, as a noticed motion is required. We decline to infer that the Judicial Council would direct a party seeking contractual attorney fees to engage in an act neither statutorily required nor procedurally sufficient to secure such fees.

We recognize that rule 3.1702, as construed above, may appear to be inconsistent with the general directive in rule 3.1700(a) that "[a] prevailing party who claims costs must . . . file a memorandum of costs," in view of Civil Code section 1717, subdivision (a), which characterizes fees awarded under that provision as "an item of costs." However, in such circumstances, the maxims of interpretation dictate that the particular or specific rule takes precedence over the general rule. (C*onservatorship of Moore* (1986) 185 Cal.App.3d 718, 731 ["[I]t is

---

[5] We may properly consider such forms in construing the Rules of Court. (*Anthony v. City of Los Angeles* (2008) 166 Cal.App.4th 1011, 1016.)

10

a fundamental principle of statutory construction that in interpreting an interrelated statutory scheme, a specific provision controls a more general one."]; Code. Civ. Proc., § 1859 ["[W]hen a general and [a] particular provision are inconsistent, the latter is paramount to the former."]; Civ. Code, § 3534 ["Particular expressions qualify those which are general."].) As noted, rule 3.1700 bears the generic title "**PREJUDGMENT COSTS**," while rule 3.1702 bears the specific title "**CLAIMING ATTORNEY'S FEES**." Our Supreme Court has explained that "Whe[n] the same subject matter is covered by inconsistent provisions, one of which is special and the other general, the special one, whether or not enacted first, is an exception to the general statute and controls unless an intent to the contrary clearly appears." (*Warne v. Harkness* (1963) 60 Cal.2d 579, 588.) No such contrary intent is manifested here.

Respondents' reliance on *Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 Cal.App.3d 924, *Russell v. Trans Pacific Group* (1993) 19 Cal.App.4th 1717, *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, *Bankes v. Lucas* (1992) 9 Cal.App.4th 365, and *Nazemi v. Tseng* (1992) 5 Cal.App.4th 1633 is misplaced. In each of those cases, the party seeking attorney fees failed to file a timely fee motion.[6] In contrast, Diskeeper filed its fee motion within the time limits specified in rule 3.1702.

---

**6**      In the first two cases, the appellate court affirmed the denial of attorney fees falling under Civil Code section 1717 when no fee motion was filed. (*Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.*, *supra*, 223 Cal.App.3d at pp. 926-929 [trial court properly denied costs and attorney fees because party claiming entitlement to fees and costs filed neither memorandum of costs nor fee motion]; *Russell v. Trans Pacific Group*, *supra*, 19 Cal.App.4th at pp. 1722-1731 [trial court properly denied fees requested in memorandum of costs because party failed to file fee motion and established no basis for relief from that failure under Code of Civil Procedure 473].) In the remaining cases, the appellate court concluded that attorney fees could not be awarded because the fee
*(Fn. continued on next page.)*

Respondents also contend that the denial of Diskeeper's fee request may be affirmed on another ground, namely, that the fees sought were unreasonable. We disagree. Generally, the amount of fees properly awarded under Civil Code section 1717 is consigned to the trial court's discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) Here, the court did not exercise that discretion, as it ruled that Diskeeper's failure to file a memorandum of costs precluded a fee award. We decline to substitute our own judgment regarding the proper amount of fees.

In sum, a party seeking fees incurred before judgment under Civil Code section 1717 need not file a memorandum of costs regarding the fees, in addition to filing a fee motion in compliance with rule 3.1702. Accordingly, the trial court erred in denying Diskeeper's fee request for want of a memorandum of costs.

---

motion was untimely. (*Sanabria v. Embrey, supra*, 92 Cal.App.4th at pp. 426-429 [trial court improperly granted belated fee motion]; *Bankes v. Lucas*, *supra*, 9 Cal.App.4th at pp. 369-372 [trial court erred in awarding fees under Civil Code section 1717 to party who was not the "prevailing party" and whose fee motion was untimely]; *Nazemi v. Tseng, supra*, 5 Cal.App.4th at p. 1641 [trial court erred in awarding fees under Civil Code section 1717 to party who filed untimely fee motion].)

Respondents also suggest that the trial court's ruling finds support from *Swain v. CACH, LLC* (N.D. Cal. 2009) 699 F.Supp.2d 1109 (*Swain*). There, the plaintiff prevailed in a California state action, but filed no memorandum of costs to recover her $180 filing fee. (*Id*. at pp. 1115-1116.) She initiated an action in federal court, and asserted a claim for the fee. (*Ibid*.) The federal court concluded that her failure to file a memorandum of costs forfeited her right to recover the $180 filing fee. (*Ibid*.) As the plaintiff did not assert a claim for attorney fees, *Swain* provides no guidance on the question before us. (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524 ("[A]n opinion is not authority for a proposition not therein considered.").)

## DISPOSITION

The order denying Diskeeper's fee request is reversed, and the matter is remanded for further proceedings in accordance with this opinion. Diskeeper is awarded its costs on appeal.

**CERTIFIED FOR PUBLICATION**


MANELLA, J.


We concur:


EPSTEIN, P. J.


WILLHITE, J.