Filed 2/25/15  Sarkissian v. Karamian CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| GAYANE SARKISSIAN,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>HASMIK KARAMIAN,<br><br>　　　Defendant and Appellant. | B255000<br><br>(Los Angeles County<br>Super. Ct. No. BC441157) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Suzanne G. Bruguera, Judge.  Reversed and remanded with directions.

　　　Der-Parseghian Law Group and Mary Der-Parseghian for Defendant and Appellant.

　　　No appearance for Plaintiff and Respondent.

_____

## INTRODUCTION

Hasmik Karamian appeals from an order denying her motion to vacate and set aside a default judgment. She contends the trial court erred in denying her motion on the ground that she failed to file an answer. We conclude that the trial court failed to properly exercise its discretion. Accordingly, we reverse and remand to the trial court to consider appellant's motion to vacate and set aside the default judgment.

## PROCEDURAL HISTORY

On July 7, 2010, respondent Gayane Sarkissian filed a complaint against appellant, alleging that appellant had purchased real property with funds provided by respondent's late husband. The complaint alleged that the funds were community property, and sought return of the funds and other damages. The proof of service of the summons and complaint attested that appellant was served by substitute service. Susan S. Georgino declared under penalty of perjury that she served the documents at 1935 Alpha Road, #202, Glendale, California, 91208, on "Arkanian Dhik," a co-occupant, 55-year-old, 5'8" Armenian male with black hair.

Respondent sought a default judgment against appellant in the amount of $88,075. She obtained entry of default on October 28, 2010. After a civil default prove-up hearing, the court entered a default judgment in the amount of $40,453 on October 18, 2012.

On October 21, 2013, appellant moved to vacate and set aside the default judgment, contending that the entry of default and default judgment were void for lack of personal jurisdiction. In her motion, appellant asserted that she was never served with the summons and complaint. Appellant sought to vacate and set aside the default judgment as void under Code of Civil Procedure section 473,

subdivision (d), which provides that "[t]he court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order."[1]

In support of the motion to vacate and set aside the default judgment, appellant submitted a sworn declaration, stating (1) that although she lived at the residence on Alpha Road in Glendale, she was never served the summons and complaint, (2) that she did not know anyone by the name of Arkanian Dhik, (3) that she never had a co-occupant other than her son Roman, and (4) that she was present during the purported times of service. She discovered the existence of the action in August 2013, when she received a letter from the Los Angeles County Recorder's Office with notice of the lien recorded against her home. Her son Roman, who was 27 years old in 2013, also filed a sworn declaration, stating that only he and his mother lived at the Glendale residence, and that he had never been served with the summons and complaint in this action.

Respondent opposed the motion to vacate and set aside the default judgment. Respondent argued that the motion was untimely, as a motion to set aside judgment under section 473, subdivision (b), must be filed within six months of the entry of default judgment. Respondent further argued that appellant had not shown that her failure to appear was a result of mistake, excusable neglect or inadvertence. Finally, respondent argued that the motion must be denied because it was not accompanied by a copy of the answer, as required by section 473, subdivision (b).

On January 10, 2014, the trial court denied the motion to vacate and set aside the default judgment. It stated: "No answer provided with the motion.

---

[1] All further statutory citations are to the Code of Civil Procedure, unless otherwise indicated.

3

Denied." Appellant timely appealed the order. (§ 904.1, subd. (a)(2) [appeal may be taken from order made after judgment].)

## DISCUSSION

The Code of Civil Procedure authorizes a trial court to vacate and set aside a judgment under several provisions. For example, section 473, subdivision (b) provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." Thus, under section 473, subdivision (b), a trial court may vacate and set aside a default judgment where (1) the default occurred due to mistake, inadvertence, surprise, or excusable neglect, (2) an application for relief from the default is accompanied by a copy of a proposed answer or other pleading, and (3) an application for relief is filed within a reasonable time, not to exceed six months, from the entry of the default judgment. Here, appellant would not be entitled to any relief from the default judgment under section 473, subdivision (b), as she filed her motion to vacate and set aside the default judgment more than one year after entry of the judgment and she did not attach a copy of a proposed answer. However, appellant did not file her motion under section 473, subdivision (b). Rather, she filed her motion to vacate and set aside the default judgment under section 473, subdivision (d), which neither has a six-month limitations period nor requires that an answer or proposed pleading be attached to the application for relief.

4

Section 473, subdivision (d) provides that "[t]he court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order." "Under the due process clause of the federal Constitution a personal judgment rendered without service of process on, or legal notice to, a defendant is not merely voidable, but void, in the absence of a voluntary appearance or waiver." (*City of Los Angeles v. Morgan* (1951) 105 Cal.App.2d 726, 730.) A sworn affidavit from a defendant that he was never served and never authorized another person to accept service constitutes substantial evidence to support a determination that a default judgment is void. (*Kallman v. Henderson* (1965) 234 Cal.App.2d 91, 98.) Finally, a motion to vacate and set aside a default judgment under section 473, subdivision (d) must be brought within a reasonable time, not to exceed two years from the entry of the default judgment. (*Rogers v. Silverman* (1989) 216 Cal.App.3d 1114, 1124.)

Here, appellant filed a motion to vacate and set aside a default judgment under section 473, subdivision (d), on the basis that she was never served with the summons and complaint and had no knowledge of "Arkanian Dhik," the person who allegedly accepted service. She filed the motion a little more than one year after entry of the default judgment, and two months after allegedly learning of the lien from the recorder's office. Thus, the trial court should have considered appellant's motion under section 473, subdivision (d), rather than under section 473, subdivision (b). Because the trial court failed to consider the motion under the correct statute, we reverse the court's order denying the motion to vacate and set aside the default order. (*Dickson, Carlson & Campillo v. Pole* (2000) 83 Cal.App.4th 436, 449 ["The failure to exercise discretion is an abuse of discretion."].) We remand to the trial court to consider the motion and exercise its discretion under section 473, subdivision (d). (See, e.g., *Kaufman v. Diskeeper*

5

*Corp*. (2014) 229 Cal.App.4th 1, 11 [remanding matter to trial court for determination of amount of award of attorney fees because court did not exercise its discretion in setting fee amount when it erroneously denied fee request for failure to file a memorandum of costs] ~(Manella, Epstein, Willhite)~; *Kim v. Euromotors West/The Auto Gallery* (2007) 149 Cal.App.4th 170, 181 [where trial court improperly determined that appellant could not be a "prevailing plaintiff" under Civil Code section 1780 because matter had settled, matter remanded to trial court to exercise its discretion to determine whether appellant was a prevailing party and, if so, any entitlement to award of attorney fees]; *Gardner v. Superior Court* (1986) 182 Cal.App.3d 335, 336-337 [where trial court "exercised no discretion but instead expressed the opinion he was compelled by this court and by the judicial system in general to vacate the default," writ of mandate issued directing court to exercise its discretion].)

### DISPOSITION

The order is reversed, and the matter remanded for further proceedings consistent with this opinion. Appellant is to have her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**



MANELLA, J.


We concur:



EPSTEIN, P. J.                                COLLINS, J.


6