Filed 10/2/15  Zakarian v. Salumbides CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| RAZMIK ZAKARIAN, | B255237 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC152458) |
| v. | |
| CONRAD A. SALUMBIDES, JR., | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of the County of Los Angeles, Maureen Duffy-Lewis, Judge.  Reversed and remanded.

Zee Law Group, Tappan Zee, Jamie San Gabriel for Plaintiff and Appellant.

Conrad A. Salumbides, Jr., in propria persona, for Defendant and Respondent.

# INTRODUCTION

Plaintiff and appellant Razmik Zakarian appeals from postjudgment orders granting the motion of defendant and respondent Conrad A. Salumbides, Jr. to tax plaintiff's costs and awarding sanctions against plaintiff or his counsel or both.[1]  Plaintiff contends the trial court erred in granting the motion to tax costs because his memorandum of costs after judgment was timely, and in it he did not request attorney fees and did not seek accrued interest as items of costs.  Plaintiff also contends the trial court erred in granting defendant's request for sanctions.  We reverse and remand the matter to the trial court.

# BACKGROUND

Plaintiff filed a lawsuit against defendant that culminated in a judgment entered in 1998.  Commencing in 2008, plaintiff filed at least six memoranda of costs *after* judgment using Judicial Council form MC-012, the mandated form to be used to request costs after judgment.  In response to each of plaintiff's memorandum of costs after judgment, defendant filed a motion to tax costs.  Each of defendant's notices of motion to tax costs provided that the motion was made pursuant to Code of Civil Procedure section 1033.5,[2] and each of the motions stated, inter alia, that plaintiff's memorandum of costs after judgment was untimely pursuant to California Rules of Court, rule 3.1700(a).  The trial court granted each of defendant's motions to tax costs, most of which orders state that the "request for attorney fees as cost is untimely," or "[a]ccrued interest in not an item of cost."

---

[1]    As plaintiff notes, the sanctions order does not state whether plaintiff or his counsel is liable for the sanctions award or whether both are liable.

[2]    All statutory citations are to the Code of Civil Procedure unless otherwise noted.

2

The memorandum of costs after judgment at issue in this appeal was served by plaintiff in December 2013, in which memorandum plaintiff requested under paragraph number 1 a total of $90 in postjudgment costs, consisting of $25 in fees incurred for the issuance of a writ for the enforcement of the judgment, and $65 in costs for the levying officer's fees. Plaintiff stated in his memorandum of costs after judgment that those costs were incurred in March 2013.[3] Plaintiff also acknowledged in paragraph 4 of the memorandum of costs after judgment that there was a $4,520.28 "credit," and stated in paragraph 5 that the accrued interest on the judgment, accruing at the legal rate from the date of entry on balances due after partial satisfactions and other credits, was $119,754.46.

Defendant filed a motion to tax costs, and requested monetary sanctions pursuant to section 128.7. The trial court granted defendant's motion and request for sanctions, stating, "Motion to tax costs GRANTED. [¶] Request for attorney fees as cost is untimely and accrued interest is not an item of cost. [¶] Defendant's request for sanctions under California Code of Civil Procedure section 128.7 is GRANTED in the amount of $7,500 payable within 30 days."

# DISCUSSION[4]

## A.    Motion to Tax Costs

Plaintiff contends that the trial court erred in granting defendant's motion to tax costs. Defendant contends, however, that plaintiff did not appeal from the order granting defendant's motion to tax costs because in plaintiff's notice of appeal, plaintiff did not check the box that he was appealing from "[a]n order after judgment under Code of Civil

---

[3]    Writs of execution were issued in March 2013 and January 2014.

[4]    The issues are the timeliness of the request for costs, and whether the statutory requirements for sanctions were met. The record is adequate to address these issues.

3

Procedure section 904.1(a)(2)."[5]  According to defendant, plaintiff only appealed from the order of sanctions against plaintiff.  Defendant reasons that in plaintiff's notice of appeal, plaintiff checked only the box that he was appealing "[a]n order or judgment under Code of Civil Procedure section 904.1(a)(3)-(13)," and section 904.1, subdivision (a)(12) concerns an order of sanctions.[6]  We reject defendant's contention.

Notices of appeal are liberally construed, and it "is sufficient if it identifies the particular judgment or order being appealed."  (Cal. Rules of Court, rule 8.100(a)(2).)  Our Supreme Court has stated that, "'[I]t is, and has been, the law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.' [Citations.]"  (*In re Joshua S.* (2007) 41 Cal.4th 261, 272; *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 22; *Tourgeman v. Nelson & Kennard* (2014) 222 Cal.App.4th 1447, 1455, fn. 6; *Corenbaum v. Lampkin* (2013) 215 Cal.App.4th 1308, 1324, fn. 5.)

"The law aspires to respect substance over formalism and nomenclature."  (*City of Shasta Lake v. County of Shasta* (1999) 75 Cal.App.4th 1, 11.)  In *Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2014) 230 Cal.App.4th 244, the appellant filed a notice of appeal, checking the box on the notice of appeal specifying that it was appealing an "'order or judgment under Code of Civil Procedure section 904.1(a)(3)-(13).'"  (*Id.* at p. 250.)  The respondent contended that the notice of appeal was defective because the appellant did not check the correct box.  (*Ibid.*)

---

[5]  Section 904.1, subsection (a)(2) provides that an appeal may be taken "[f]rom an order made after a judgment made appealable by paragraph (1)."  Subsection (a)(1) of section 904.1 provides that an appeal may be taken from a judgment, except for certain judgments not applicable here.

[6]  Section 904.1, subsection (a)(12) provides that an appeal may be taken "[f]rom an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)."

4

In rejecting the respondent's contention, the court *In Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC*, *supra*, 230 Cal.App.4th 244 stated, "Given that the appeal lies under Code of Civil Procedure section 904.1, subdivision (a)(2), [the appellant] did check the wrong box on the notice of appeal form by indicating an appeal based on subdivision (a)(3)-(13).  However, the mistake is not fatal to the appeal. . . .  [A] notice of appeal is sufficient if 'it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.'  [Citation.]  Here, the notice of appeal clearly indicated the subject of the appeal was the order entered on September 10, 2012, which can only refer to the order granting attorney fees to [the respondent].  Consequently, the notice of appeal was sufficient even if the wrong box was checked to identify the particular subdivision of Code of Civil Procedure section 904.1 that authorizes this appeal." (*Id*. at p. 251.)

The notice of appeal here stated that the subject of the appeal was the order entered on March 5, 2014, and the March 5, 2014, minute order is comprised of only three substantive sentences, two of which sentences relate to the grant of defendant's motion to tax costs, and one of which sentences relate to the grant of defendant's request for sanction.  By indentifying that the subject of the appeal was the order entered on March 5, 2014, "it is reasonably clear what [plaintiff] was trying to appeal from." (*In Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC*, *supra*, 230 Cal.App.4th at p. 251.)  Plaintiff tried to appeal both the order granting defendant's motion to tax costs and the order granting defendant's request for sanctions.  The notice of appeal is sufficient to appeal both orders.

In addition, defendant has not been prejudiced.  Not only did plaintiff indentify the date of the order that was the subject of the appeal, he states in his opening brief that, "A post judgment order . . . granting a motion to tax costs . . . is appealable under CCP § 904.1(a)(2) . . . ," and argues extensively why the trial court erred in granting defendant's motion to tax costs.  About two and one-half months later, defendant filed his brief.  Defendant accordingly was not mislead that plaintiff was appealing from the order granting defendant's motion to tax costs, and defendant had ample opportunity to respond

to plaintiff's contention that the trial court erred in granting defendant's motion to tax costs. "Respondent is simply trying to take advantage of a mistake made by appellant. [T]his court should not aid respondent unless compelled to do so by controlling principles of law." (*Evola v. Wendt Construction Co.* (1958) 158 Cal.App.2d 658, 661.)

### 1. Standard of Review

We review a trial court's order granting or denying a motion to tax costs for abuse of discretion. (*Seever v. Copley Press, Inc*. (2006) 141 Cal.App.4th 1550, 1556-1557.) That is, we will reverse such an order only when the trial court's action is arbitrary, capricious or patently absurd, resulting in a manifest miscarriage of justice. (*People v. Carrington* (2009) 47 Cal.4th 145, 195; *Ghadrdan v. Gorabi* (2010) 182 Cal.App.4th 416, 421; *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1249-1250.) "Interpreting a statute is . . . a matter of law, which we review de novo. [Citation.]" (*Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 52.)

### 2. Analysis

The trial court granted defendant's motion to tax costs because plaintiff's "[r]equest for attorney fees as cost is untimely and accrued interest is not an item of costs." The trial court erred, as a matter of law, in so ruling however because defendant's motion to tax costs was based on authority concerning prejudgment, not postjudgment costs; plaintiff's memorandum of costs after judgment was timely; and in the memorandum of costs, plaintiff did not request attorney fees and or seek to recover accrued interest as items of cost, items which were the basis of the trial court's decision.

Section 685.040 generally authorizes a judgment creditor's recovery of postjudgment enforcement costs. Section 685.050, subdivision (a) states that the judgment creditor may recover certain specified postjudgment costs relating to the enforcement of the judgment, and section 685.070, subdivision (b) permits the filing of a memorandum of costs to recover them. On December 20, 2013, pursuant to section

6

685.070, plaintiff utilized judicial council form MC-012 to claim certain postjudgment costs.

Section 685.070, subdivision (c) authorizes the judgment debtor to file a noticed motion to have the postjudgment costs taxed. Defendant's notice of motion to tax costs here provides that the motion is made pursuant to section 1033.5. Section 1033.5 is the wrong statute on which defendant may seek to tax plaintiff's claimed costs after judgment. Section 1033.5 authorizes a motion to tax prejudgment costs; "costs incurred in the litigation up to and including entry of judgment." (*Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 137.) Unlike section 685.070, subdivision (c), it does not authorize a motion to tax postjudgment costs. "Costs of suit incurred *before* entry of judgment are recoverable as part of the judgment. (The procedure for claiming prejudgment costs and the recoverable costs are items set forth in [sections] 1032-1038 and [California Rules of Court, rule] 3.1700.) [¶] A judgment creditor also is entitled to the 'reasonable and necessary costs' incurred in *enforcing* the judgment . . . ." (Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2015) ¶ 6:33, p. 6A-16, first italics added; *Lucky United Properties Investment, Inc. v. Lee, supra,* 185 Cal.App.4th at pp. 137-138.)

The trial court in granting defendant's motion to tax costs stated, inter alia, that the "Request for attorney fees as cost is untimely . . . . Defendant's motion to tax costs stated that plaintiff's memorandum of costs after judgment was untimely pursuant to California Rules of Court, rule 3.1700(a) because it was not served and filed by at least 180 days after entry of judgment. Rule 3.1700(a) does not apply to the timeliness of plaintiff's memorandum of costs after judgment; it concerns the timeliness of a request for prejudgment costs. (*Kaufman v. Diskeeper Corp.* (2014) 229 Cal.App.4th 1, 7 ["Rule 3.1700 is entitled 'Prejudgment costs.' Rule 3.1700(a)(1) . . . addresses '[t]rial costs'. . ."].) Plaintiff's memorandum of costs after judgment was timely filed. A memorandum of costs after judgment is timely if it is filed within two years after the claimed costs have been incurred. (§ 685.070.) According to the memorandum of costs after judgment, plaintiff's claimed postjudgment costs were incurred about nine and one-

7

half months prior to the filing of the memorandum of costs. Defendant did not dispute when the costs were claimed to have been incurred.

Plaintiff sought costs to which he was presumably entitled. Section 685.050, subdivision (a) states that if a writ is issued to enforce a judgment, the costs and interest to be satisfied in a levy under the writ include the fee for issuance of the writ and the levying officer's costs for performing the duties under the writ. Section 685.070, permits the filing of a memorandum of costs regarding the enforcement of a judgment, stating that the judgment creditor may claim as costs the fee for issuance of the writ and the levying officer's costs. Those costs may be claimed as a matter of right (*Lucky United Properties Investment, Inc. v. Lee, supra,* 185 Cal.App.4th at p. 138), and plaintiff claimed them. The memorandum of costs form provided that "[a]ttorney fees" may be claimed "if allowed by Section 685.040,[7]" but plaintiff did not claim such fees.

The trial court in granting defendant's motion to tax costs stated, inter alia, that "accrued interest is not an item of costs." Plaintiff did not seek accrued interest as an item of costs. Section 695.210 provides in part, "The amount required to satisfy a money judgment is the total amount of the judgment as entered or renewed with: [¶] . . . [¶] (b) The addition of interest added to the judgment as it accrues pursuant to Sections 685.010 to 685.030, inclusive." Section 685.010, subdivision (a) provides, "Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied." Judicial council form MC-012 requires a declaration of accrued interest; "[i]nterest on the judgment accruing at the legal rate from the date of entry on balances due after partial satisfactions and other credits . . . ." Plaintiff declared that accrued

---

**7**     Section 685.040 provides, "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law. Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5." "The judgment creditor may claim costs authorized by Section 685.040 by noticed motion." (Section 685.080, subdivision (a).)

interest totaled $119,754.46. That declaration of accrued interest in not set forth as an item of costs that plaintiff was seeking.

The only costs sought by plaintiff were those specifically authorized by statute, and they were timely. There was no apparent basis for the trial court to tax costs that plaintiff sought. It is not clear, however, whether the trial court even addressed plaintiff's $90 in costs, as the minute order references only attorney fees, accrued interest, and sanctions. Thus, we remand this matter to the trial court to determine if there is any basis to tax the $90 in costs.

### B.      Sanctions

In defendant's motion to tax costs, he requested that the trial court "permit" him to file a motion for sanctions "Against Plaintiff and/or Plaintiff's Counsel" pursuant to section 128.7, "or in the alternative, impose monetary sanctions against Plaintiff's counsel in the amount of $10,000 for five years of continuous, unnecessary and frivolous conduct." Defendant contended that over the span of five years, the trial court granted defendant's motions to tax costs filed in response to each of "Plaintiff's counsel's 'identical' requests for costs." Defendant argued that the trial court granted each of his motions to tax costs "for the same legal reasons: untimeliness, and 'accrued interest is not a proper item of costs that would appear on a cost bill.'" Defendant argued in support of his request for sanctions that the memorandum of costs after judgment that is at issue on appeal, like plaintiff's prior memoranda of costs, is "frivolous" and "only serve[s] to compel all concerned . . . to unnecessarily expend time, effort, resources and money to defendant unwarranted claims."

Defendant failed to follow the requirements of section 128.7, including the requirement that he file a separate motion for sanctions. In addition, because the trial court erred in granting defendant's motion to tax costs at issue here, the trial court could not grant defendant's request for sanctions, even if such a request was proper. The failure to object would not forfeit the issue because there is no question that plaintiff did not comply with section 128.7, a pure question of law that may be addressed on appeal.

9

(*Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 699-700; accord, *Li v. Majestic Industry Hills LLC* (2009) 177 Cal.App.4th 585, 593.)

## DISPOSITION

The orders are reversed and the matter is remanded to the trial court consistent with this opinion.  Plaintiff is awarded his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

I concur:

KRIEGLER, J.

TURNER, P.J., Concurring

      I concur in the judgment. I agree that the motion to tax costs could not be granted for the reasons stated. And as this is an error appearing on the face of the record, no reporter's transcript is necessary. (*Kucker v. Kucker* (2011) 192 Cal.App.4th 90, 93 ["Since appellants have not provided a reporter's transcript of the hearing on the petition, 'we must treat this as an appeal "on the judgment roll."[]. . . .'"]; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 325 [when no reporter's transcript is provided, "review is limited to determining whether any error 'appears on the face of the record.'"] )

      As to the Code of Civil Procedure section 128.7 sanctions issue, I would affirm for the following reasons. Plaintiff, Tappan Zee, interposed the following written objection to the sanctions motion—defendant, Conrad A. Salumbides, is a pro se litigant who cannot recover attorney fees. (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 520; *Sands & Associates v. Juknavorian* (2012) 209 Cal.App.4th 1269, 1237.) That objection does not address the broader issue of whether a sanction designed to deter frivolous conduct should be imposed irrespective of costs or attorney fees. (*Optimal Markets, Inc. v. Salant* (2013) 221 Cal.App.4th 912, 920-91; *Trans-Action Commercial Investors Ltd. v. Firmaterr* (1997) 60 Cal.App.4th 352, 368-369.)

      The sole grounds relied upon by the trial court, as set forth in its written statement of reasons issued after the conclusion of the oral proceedings, for imposing sanctions were: there had been six previous motions to tax costs; the attorney fee request was untimely; and accrued interest was not a cost item. As my colleagues have explained, no attorney fee request was made and costs were not sought for accrued interest. Thus, this aspect of the trial court's exercise of discretion is incorrect. And, it is questionable whether Code of Civil Procedure section 128.7 can apply under these circumstances. The

triggering event for the filing of the sanctions motion was the submission of a proper cost memorandum which was not frivolous in any respect. Simply stated, the sanctions order cannot stand under the present circumstances.

A sound argument can be made that the judgment should be reversed as to the sanctions issue but the trial court given leave to exercise its discretion on different grounds. This is particularly true given the absence of an adequate record of the actual hearing on the sanctions motion. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *In re Kathy P.* (1979) 25 Cal.3d 91, 102.) However, defendant has not sought such a disposition in his brief nor at oral argument. Thus, he has forfeited the right to seek to have the trial court reconsider its sanctions ruling once the remittitur issues. (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4; *Johnston v. Board of Supervisors* (1947) 31 Cal.2d 66, 70 disapproved on another point in *Bailey v. County of Los Angeles* (1956) 46 Cal.2d 132, 139.)



TURNER, P. J.