Filed 4/26/16  Campman v. Neborsky CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LINDA CAMPMAN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN NEBORSKY,<br><br>    Defendant and Appellant. | D068357<br><br><br>(Super. Ct. No. 37-2014-00009502-CU-HR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Tamila E. Ipema, Judge.  Affirmed.

John Neborsky, in pro. per., for Defendant and Appellant.

Elliott N. Kanter for Plaintiff and Respondent.

By way of an order granting plaintiff and respondent Linda Campman's motion for reconsideration, the trial court awarded her $4,000 in attorney fees.  On appeal, defendant and appellant John Neborsky argues that Campman failed to demonstrate that her motion was supported by any new fact, circumstance or law.  We affirm.

Although a postjudgment order awarding attorney fees is separately appealable, on appeal an appellant must show that any error caused harm. Here, any error the trial court committed in granting the motion for reconsideration and awarding fees was harmless, because, as we explain, the order merely corrected the trial court's earlier error.

FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2014, Campman obtained a restraining order against Neborsky. The restraining order grew out of a neighborhood dispute between Campman, her husband, and Neborsky and listed both Campman and her husband as protected persons.

After the restraining order was issued, Neborsky filed his own petition for a restraining order against Campman. The trial court dismissed Neborsky's petition for a restraining order on July 30, 2014.

On September 16, 2014, Campman moved to recover attorney fees incurred in obtaining her restraining order and in opposing Neborsky's request for a restraining order. Thereafter, the trial court denied Neborsky's three successive motions to vacate the restraining order Campman had obtained.

On November 20, 2014, Neborsky filed his opposition to the motion for attorney fees. In his opposition, Neborsky argued that under California Rules of Court, rule 3.1700, Campman was required to file a timely memorandum of costs in order to recover attorney fees. At a December 8, 2014, hearing, the trial court agreed with Neborsky and directed Campman to file a memorandum of costs. On January 15, 2015, Campman served and filed a memorandum of costs.

2

On February 3, 2015, the trial court denied Campman's motion for attorney fees. The trial court found that, on the merits, as the prevailing party in both proceedings, Campman was entitled to attorney fees and that, in light of Neborsky's repetitive litigation over the order it had issued in Campman's favor, as well as his unsuccessful attempt to obtain a restraining order, attorney fees could also be awarded as sanctions. However, the trial court nonetheless found that, in order to recover attorney fees, in addition to moving for attorney fees under California Rules of Court, rule 3.1702, California Rules of Court, rule 3.1700 required that Campman file a memorandum of costs; the trial court also found that her January 15, 2015 memorandum of costs was untimely.

On February 18, 2015, Campman made a motion to reconsider. She argued that her counsel had only recently discovered the holding in *Kaufman v. Diskeeper Corp.* (2014) 229 Cal.App.4th 1, 8-9 (*Kaufman*) and had not discovered it before the trial court ruled on her motion. In *Kaufman*, in analogous circumstances the court held that, in order to recover attorney fees, a litigant is *not* required to file a memorandum of costs. (*Ibid.*) The trial court granted Campman's motion to reconsider and ordered that Neborsky pay her $4,000 in attorney fees. Neborsky filed a timely notice of appeal.

DISCUSSION

We begin by noting Neborsky had the right to appeal from the trial court's order awarding Campman attorney fees. Postjudgment orders granting attorney fees are separately appealable. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990)

3

220 Cal.App.3d 35, 46.)  Neborsky's proper appeal from the attorney fee award allows us to consider the merits of the underlying ruling granting reconsideration.  (*Johnston v. Corrigan* (2005) 127 Cal.App.4th 553, 556.)

However, even if were we to find, as Neborsky urges, that the trial court erred in granting the motion to reconsider, we would be required to affirm the trial court's order.  "Error alone . . . does not warrant reversal.  'The burden is on the appellant, not alone to show error, but to show injury from the error.' "  (*Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 318; see *Paramount Petroleum Corp. v. Superior Court* (2014) 227 Cal.App.4th 226, 238; *People v. Edward D. Jones & Co*. (2007) 154 Cal.App.4th 627, 634; Cal. Const., art. VI, § 13.)

Here, Neborsky contends that Campman failed to show that she acted with due diligence in only discovering the *Kaufman* case after her initial motion for attorney fees was denied.  However, true as that may be,[1] it is of no moment in light of the fact that we agree with the court's analysis in *Kaufman.*  By its express terms, the recovery of attorney fees as costs is governed by California Rules of Court, rule 3.1702, which only requires a motion; all other costs are governed by the memorandum of costs procedure set forth in

---

[1]     The opinion in *Kaufman* was ordered published on August 21, 2014, before Campman made her motion for attorney fees and before Neborsky argued, and the trial court agreed, that a memorandum of costs was required.  As Neborsky contends on appeal, Campman did not make an entirely persuasive case that counsel exercised due diligence in only discovering the holding in *Kaufman* after the trial court denied her motion.  (See *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 670 [counsel's mistake of law not a new fact, circumstance or law supporting motion for reconsideration].)  Such diligence is required for relief under Code of Civil Procedure, section 1008, subdivision (a).  (See *Garcia v. Hejman* (1997) 58 Cal.App.4th 674, 688.)

California Rules of Court, rule 3.1700. (See *Kaufman*, *supra*, 229 Cal.App.4th at pp. 8-10.) Requiring both a motion and a memorandum of costs is not only inconsistent with the express terms of the rules, but it also would be impractical and unduly burdensome on litigants. (*Ibid*.) Thus, in initially denying Campman's otherwise meritorious motion for attorney fees, the trial court erred. (*Ibid*.)

Because the trial court's initial order denying attorney fees was erroneous and subject to attack on appeal, Neborsky was in no sense prejudiced by the trial court's order granting reconsideration and correcting its error. (See *Paramount Petroleum Corp. v. Superior Court*, *supra*, 227 Cal.App.4th at p. 238 [procedural error in granting motion to reconsider affirmed where initial order erroneous].) Because under no set of circumstances was Neborsky prejudiced by the trial court's order, we are required to affirm it. (*Ibid*.)

DISPOSITION

The order granting reconsideration is affirmed. Campman to recover her costs on appeal.

BENKE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.

5