Filed 12/6/21  Frye v. The Legends Golf Club CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| STEVE FRYE, | |
| Plaintiff and Appellant, | E075191 |
| v. | (Super.Ct.No. RIC1607765) |
| THE LEGENDS GOLF CLUB, LLC, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge. Affirmed.

The Rava Law Firm and Alfred G. Rava, for Plaintiff and Appellant.

Payne & Fears, and Matthew K. Brown, for Defendant and Respondent.

A trial court's award of contractual attorney fees and costs is not like a stock dividend—you must request it in a timely and appropriate manner.  Here, plaintiff and appellant Steve Frye never managed to make such a request, either before or after the case was dismissed because it had settled.

1

The case settled based on an offer to compromise pursuant to Code of Civil Procedure section 998.[1] Defendant and respondent The Legends Golf Club, LLC (Legends) agreed to pay Frye $4,001, plus reasonable costs and attorney fees, if any, in amounts determined by the court. About 15 months after settlement, the trial court dismissed the case with prejudice, and without any award of fees or costs, since Frye never properly presented the issue. Nor did Frye request a determination of his reasonable fees and costs after dismissal, although he could have under the California Rules of Court; instead, he appealed from the judgment. We have been given no reason to hold that the trial court erred in dismissing the case. On the contrary, it was required to do so, as Frye had not demonstrated good cause to do otherwise. We affirm the judgment.

## FACTS

In June 2016, Frye filed this lawsuit as a putative class action, alleging gender discrimination based on a one-day promotional event by Legends that offered discounted greens fees to women. In March 2018, Frye dismissed his class claims.

Legends then proposed a compromise settlement pursuant to section 998, offering to pay Frye $4,001 plus "reasonably incurred costs and attorney's fees to date, if any, in amounts to be determined by the court." On June 14, 2018, Frye accepted Legends' offer. Neither party informed the court of the settlement, however, until October 11, 2018, when Legends filed the accepted section 998 offer.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

Neither party took any further action until a trial setting conference on December 4, 2018. The trial court's minute order for that hearing states: "Counsel report case settled." The court set an order to show cause hearing regarding dismissal for April 4, 2019.

Frye did not file a motion seeking fees and costs, nor did he request dismissal, before the April 4, 2019 hearing on the order to show cause. The trial court continued the matter to June 25, 2019, specifying in its minute order that Frye's counsel was to submit a declaration in accordance with the local rule regarding responses to orders to show cause, pursuant to which "any response in opposition to an Order to Show Cause (a) shall be in the form of a written declaration and (b) shall be filed no less than four court days before the hearing on the Order to Show Cause."[2] (Super. Ct. Riverside County, Local Rules, former rule 3116, eff. Jan. 1, 2018.) The rule provides that the court "may find the failure to file a timely declaration to constitute an admission by the responding party that there are no meritorious grounds on which to oppose the action that is the subject of the Order to Show Cause," and in the event of such a failure "the Court may vacate the hearing and issue any order consistent with that admission." (*Ibid.*)

On June 20, 2019, Frye filed a request for additional time to complete the settlement and request dismissal. The request was supported by an attorney declaration explaining that counsel had only just realized that he had miscalendared the hearing date

---

[2] In 2021, the rule was amended to provide that any response to an order to show cause must be filed no less than *five* court days before the hearing. (Super. Ct. Riverside County, Local Rules, rule 3116.)

3

for the motion for attorney fees and costs pursuant to the parties' settlement. The declaration stated that once counsel realized his mistake, he reserved the earliest available hearing date for the motion, September 11, 2019, and thus proposed "the alternative date of September 24, 2019 for dismissal." Over Legends' opposition, the trial court granted Frye's request, continuing the order to show cause hearing regarding dismissal to September 24, 2019.

Frye did not notice and serve any motion for fees and costs for a hearing on September 11, 2019, nor did he file any document in time for it to be heard on that date with statutory notice.[3] He did not notice and serve a motion for any date. Rather, on August 30, 2019, he filed a document entitled "Notice of Hearing on Order to Show Cause Re: Dismissal After Settlement and Plaintiff's Application or Motion for Court to Determine Reasonably Incurred Costs and Attorneys' Fees Pursuant to Defendant's Code of Civil Procedure Section 998 Offer," together with a supporting memorandum of points and authorities and attorney declaration. Frye sought an award of $69,550 in attorney fees and $1675.85 in costs.

Notably, the document Frye filed on August 30, 2019 did not state any reason why a motion for attorney fees and costs had not been filed earlier. Also, Frye never separately reserved a motion hearing for September 24, 2019; rather, his August 30, 2019

---

[3] The last possible day for serving and filing such a motion would have been August 19, 2019. (See § 1005, subd. (b) [minimum notice period of 16 court days].)

filing contemplated that the court would consider the fees and costs issue in conjunction with the previously scheduled order to show cause hearing.[4]

In a minute order issued September 23, 2019, on its own motion and "[u]pon review of the case history," the trial court vacated the order to show cause hearing set for the following day and ordered the entire action dismissed with prejudice. The minute order noted that "no timely declaration . . . pursuant to Local Rule 3116" had been received. The trial court later entered judgment accordingly. Frye then appealed from the judgment without noticing a motion for attorney fees.

DISCUSSION

Frye contends that the trial court abused its discretion by dismissing the case. We find no abuse of discretion as the court correctly dismissed the case.

The parties settled the case in June 2018, when Frye accepted the section 998 offer proposed by Legends. Under the California Rules of Court, Frye was required to "immediately file written notice of the settlement . . . with the court." (Cal. Rules of Court, rule 3.1385(a).) He did not do so. Frye was also required to serve and file a

---

[4] Even if Frye *had* reserved a hearing for a fees motion on September 24, 2019, the August 30, 2019 filing nevertheless would not have complied with the filing and service requirements of a noticed motion. Although August 30, 2019 is exactly 16 court days before September 24, 2019, the document was served *by mail* on August 29, 2019. (See § 1005, subd. (b) [moving and supporting papers must be served and filed at least 16 court days before hearing, but "if the notice is served by mail, the required 16-day period of notice before the hearing shall be increased by five calendar days if the place of mailing and the place of address are within the State of California"].)

request for dismissal of the entire case within 45 days of the settlement, or show cause why the case should not be dismissed. (*Id.*, rule 3.1385(b).) Again, he did not do so.

Eventually, the trial court received notice of the settlement, when Legends filed the accepted section 998 offer in October 2018. Absent a showing of good cause why the case should not be dismissed, the court was required to dismiss the entire case "45 days after it receives notice of settlement." (Cal. Rules of Court, rule 3.1385(b).)

On several occasions, the trial court extended the dismissal deadline, ultimately setting it for September 24, 2019, a date Frye requested and about 15 months after the settlement. Nevertheless, as of September 23, 2019, Frye had filed no request for dismissal. Moreover, he had not attempted to show any reason why the only remaining issue in the case—determination of Frye's reasonable attorney fees and costs, if any— remained unresolved, despite that he apparently believed he needed the previous lengthy extensions to allow for a motion for attorney fees and costs to be considered before dismissal. Under both the Rules of Court and the Riverside Superior Court's local rules, the time for proffering such an excuse for failing to dismiss had passed. (Cal. Rules of Court, rule 3.1385(e) [notice and supporting declaration showing good cause for inability to dismiss case within prescribed time "must be served and filed at least 5 court days before the time for requesting dismissal has elapsed."]; Super. Ct. Riverside County, Local Rules, former rule 3116, eff. Jan. 1, 2018 [any response to order to show cause must be filed at least four court days before hearing].)

6

Additionally, we can see no reason why determining Frye's reasonable attorney fees and costs would have been good cause to delay dismissal of the action at any point. The accepted section 998 offer here was a contract, providing for Legends to pay Frye a certain sum plus attorney fees and costs in amounts to be determined later. (See *Hernandez v. Board of Education* (2004) 126 Cal.App.4th 1161, 1176 ["A settlement agreement is simply a contract"]; *Elite Show Services, Inc. v. Staffpro, Inc.* (2004) 119 Cal.App.4th 263, 268 [contract principles apply to interpreting section 998 offers "when they neither conflict with nor defeat the statute's purpose of encouraging the settlement of lawsuits prior to trial"].) The deadline to file a motion for such attorney fees is not the time of judgment; rather, it is the date for filing a notice of appeal. (Cal. Rules of Court, rule 3.1702(b)(1) [notice of motion "for services up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal"; see also *id.*, rule 3.1700(a)(1) [memorandum of costs must be served and filed within 15 days after date of service of notice of entry of judgment or dismissal]; see, e.g., *Kaufman v. Diskeeper Corp.* (2014) 229 Cal.App.4th 1, 8 [discussing deadlines for claim to attorney fees incurred during trial].) Thus, even if Frye's counsel's August 30, 2019 declaration, in which he requested attorney fees and costs, is treated as an implicit response to the order to show cause, it does not establish any good cause for delaying dismissal. Frye still could have noticed his motion after the judgment of dismissal.

Frye has not demonstrated that the trial court's order dismissing the case was an abuse of discretion in any respect.

7

DISPOSITION

The judgment is affirmed.   Legends is awarded its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____

J.

We concur:

RAMIREZ _____

P. J.

SLOUGH _____

J.

8